UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> MUKILTEO SCHOOL DISTRICT NO. 6, <br><br> Defendant. | CASE NO. 2:25-cv-00529-JNW <br><br> ORDER |

## 1. INTRODUCTION

Pro se Plaintiff Rosa Maria Cabrera Thompson filed this action on March 25, 2025, against her former employer, Defendant Mukilteo School District ("the District"). Dkt. No. 1. She now moves for a temporary restraining order (TRO) and preliminary injunction. Dkt. No. 6. The Court DENIES Thompson's motion for the reasons stated below.

## 2. BACKGROUND

According to Thompson, in October 2023, she and the District entered a settlement agreement in proceedings before the U.S. Equal Employment Opportunity Commission (EEOC), contractually obligating the District to provide

ORDER - 1

neutral references to Thompson's prospective employers. Dkt. No. 1 at 2–3. Thompson alleges that the District "breached this agreement by providing unauthorized, misleading, and negative references [on multiple occasions], directly resulting in multiple lost job opportunities." *Id.* On this basis, she sues the District for breach of contract, retaliation in violation of Title VII of the Civil Rights Act of 1964, racial discrimination in violation of the Equal Protection Clause, tortious interference with a business expectancy, defamation, negligence, intentional infliction of emotional distress, violation of the Washington Law Against Discrimination (RCW 49.60.030), and violation of the Washington Public Records Act (RCW 42.56). *Id.*

Thompson now seeks a TRO that would enjoin the District from continuing to provide negative references to prospective employers, engaging in retaliatory or defamatory conduct, or otherwise violating the terms of the EEOC settlement agreement. *Id.* at 11–12. She argues that immediate relief is necessary because Simone Neal—"the Executive Director of Human Resources for… [the] District and a key individual responsible for providing references for the Plaintiff"—"is expected to permanently relocate no later than Friday, April 4, 2025." *Id.* at 7, 9.

According to Thompson, "[i]injunctive relief is necessary to secure [Neal's] deposition, preserve key evidence, and prevent the loss of jurisdiction over a central witness." *Id.* at 9. Thompson asserts that "[i]f Ms. Neal relocates or becomes

ORDER - 2

unreachable, Plaintiff may lose the ability to depose or cross-examine her[.]" *Id.* at 15.[1]

## 3. DISCUSSION

**3.1  Legal standard.**

District courts have a duty to construe pro se pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This liberal construction is particularly important in civil rights cases. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). Even so, while the Court construes Thompson's filings liberally, she must still comply with procedural rules governing TROs and preliminary injunctions. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that pro se litigants are bound by the rules of procedure).

To obtain a TRO, a plaintiff must "make a clear showing (1) that '[they are] likely to succeed on the merits, (2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (quoting *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008)).

The moving party must serve all motion papers on the nonmoving party unless the requirements of Rule 65(b)(1)—issuance of a TRO without notice—are

---

[1] In her TRO motion, Thompson characterizes Neal as a defendant. Dkt. No. 6 at 2. But Thompson's complaint lists the District as the only defendant, discussing Neal as an agent of the District. Dkt. No. 1 at 3, 19. If Thompson wishes to add Neal as a defendant, she may file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a).

met. LCR 65(b)(1); Fed. R. Civ. P. 65(b)(1). The Court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" *and* the movant certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)*; see also* LCR 65(b)(1) ("Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion.").

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

### 3.2    Thompson's request for a temporary restraining order fails for several reasons.

Thompson's TRO motion fails to satisfy the procedural requirements of Rule 65(b) and Local Civil Rule 65(b)(1).

First, Thompson's TRO motion includes no certification indicating notice given to the District. *See* Dkt. No. 6. Nor does she address the standard for issuance of a TRO without notice. She neither certifies "efforts made to give notice" nor provides "reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). She submits no affidavit or verified complaint showing that irreparable injury is likely

to occur before the District can be noticed. These deficiencies are fatal for her request.

Second, on this record, the Court does not find that Thompson's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). An ex parte TRO can be warranted when it is necessary to avert some "immediate threatened injury." *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). But the TRO that Thompson requests merely re-states the District's duties under the EEOC settlement agreement, including not to provide negative references to prospective employers. Thompson points to no immediate harm, such as a prospective employment opportunity imperiled by the District's conduct, that this TRO would prevent.

Finally, Thompson's argument that emergency relief is warranted because Neal's imminent departure irreparably threatens the integrity of this litigation fails. To start, the requested relief—re-stating the District's obligations under the EEOC settlement agreement—would not avert the alleged harm. And while Neal's departure may create new procedural difficulties when it comes to compelling her testimony, it does not render the compulsion of her testimony impossible. Under the Federal Rules, this Court may issue a subpoena to compel deposition testimony from witnesses in foreign judicial districts. Fed. R. Civ. P. 45; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1146 n.3 (9th Cir. 2017).

As such, the Court finds no basis for emergency judicial action before the District may be heard in opposition. *See Abdel-Malak v. Doe*, No. EDCV 20-00322-

CJC (KKx), 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements").

### 3.3 Thompson's request for a preliminary injunction fails for the same reasons.

Thompson also requests that the Court "[s]et a hearing on Plaintiff's Motion for Preliminary Injunction at the earliest possible date" and "[g]rant Plaintiff's Motion for Preliminary Injunction." Dkt. No. 6 at 12. This request is denied for the same substantive reasons that warrant denial of the TRO request.

Even if the notice requirements were met, the Court is skeptical that preliminary injunctive relief would be warranted. Likelihood of immediate injury absent preliminary injunctive relief is not only a requirement for an ex parte TRO—it is also a requirement for *all* preliminary injunctive relief. *See Starbucks Corp.*, 602 U.S. at 346; Fed. R. Civ. P. 65. The lack of connection between the relief requested (requiring the District to comply with the EEOC agreement) and the alleged immediate harm (Neal's departure) precludes a preliminary injunction.

Additionally, despite references in her complaint to various exhibits, such as the EEOC agreement and emails and call logs from the District, Thompson did not attach these exhibits to her complaint and provides no evidentiary record to support her TRO motion. *See* Dkt. Nos. 1, 6. That failure prevents the Court from making the findings of fact necessary to issue injunctive relief.

### 3.4 Thompson's additional requests.

In addition to a TRO, Thompson also seeks a court order "requir[ing] Defendant Mukilteo School District and Simone Neal to… [p]rovide the current

ORDER - 6

residential address of Simone Neal"; "[p]rovide the forwarding and/or new out-of-state address for Simone Neal"; "[d]isclose the name, location, and title of Simone Neal's new employer, if applicable"; "[m]aintain Simone Neal's Mukilteo School District email and user accounts in an active state for purposes of discovery and the preservation of relevant evidence"; and "[r]equire Simone Neal to attend any future court hearings in this case and a recent case filed against Seattle Public Schools and subsequent school districts for her direct involvement and interference of a business expectancy." Dkt. No. 6 at 12.

The information Thompson seeks will be available to her during civil discovery, which is the pre-trial phase of a case during which parties exchange information, allowing them to "discover" relevant facts and prepare their arguments. The rules permit parties to request documents, ask written questions, conduct depositions, and examine physical evidence, with courts balancing the need for information against burdens of production. This process helps level the playing field by ensuring both sides have access to necessary information before trial, reducing surprises and encouraging settlements. A TRO is not the proper means by which to obtain "fact" discovery.

Federal courts possess inherent powers to manage litigation. *Chambers v. Nasco*, 501 U.S. 32, 43 (1991). One such power is the discretion to levy sanctions for spoliation. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *see also Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) ("Spoliation of evidence is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." (internal

quotation and citation omitted)). While the Court does not find it necessary or proper to rule about the possible loss or destruction of evidence, the Court does find it appropriate to remind all parties—including those who will soon be entering this litigation—of their duty to preserve all evidence, including emails, text messages, and personnel records that may be relevant here. Failure to do so—including any failure on the part of the District to preserve records of Neal's communications about Thompson—may result in severe sanctions, including adverse inferences, exclusion of evidence, monetary penalties, or in extreme cases, default judgment.

### 4. CONCLUSION

For these reasons, Thompson's motion is DENIED in its entirety. Dkt. No. 6.

Dated this 2nd day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 8