1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> MUKILTEO SCHOOL DISTRICT NO. 6, <br><br> Defendant. | CASE NO. 2:25-cv-00529-JNW <br><br> ORDER |

This matter comes before the Court on pro se Plaintiff Rosa Maria Cabrera Thompson's Motion for Protective Order, Dkt. No. 33, and Motion for Sanctions, Dkt. No. 35. For the reasons explained below, these motions are DENIED.

District courts have a duty to construe pro se pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This liberal construction is particularly important in civil rights and discrimination cases. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Even so, while the Court construes Thompson's filings liberally, she still faces the procedural rules governing the discovery process and the imposition of sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that pro se litigants are bound by the rules of procedure).

**ORDER** - 1

Taking issue with an April 3 litigation-hold email sent by Defendant Mukilteo School District ("the District") to several distribution lists, Thompson moves for a protective order "[p]ursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 26(c)." Dkt. No. 33. This request is procedurally deficient. Under Rule 26(c), a "person from whom discovery is sought may move for a protective order in the court where the action is pending[.]" Fed. R. Civ. P. 26(c). Here, no discovery has been sought. As the District points out, "[d]iscovery [h]as [n]ot [y]et [s]tarted." Dkt. No. 40 at 4; *see also* Dkt. No. 41 ¶ 3. Therefore, a protective order under Rule 26(c) is unwarranted. Further, Thompson's motion contains no certification indicating good-faith efforts to meet and confer with opposing counsel to resolve the dispute without Court intervention. *See* Dkt. No. 33. In general, such a certification is necessary before the Court will even consider granting relief in a discovery dispute. *See* Fed. R. Civ. P. 26(c); LCR 26(c). Thompson's Motion for Protective Order, Dkt. No. 33, is therefore DENIED.[1]

The Court turns next to Thompson's Motion for Sanctions. Dkt. No. 35. Thompson alleges that the District's April 3 litigation-hold email instructing recipients to preserve information and documents relevant to this litigation violated several of the District's legal obligations. *Id.*; *see* Dkt. No. 33-3 at 2–3. She also alleges that the District has engaged in retaliatory witness intimidation and

---

[1] If Thompson wishes to allege that the April 3 litigation-hold email, Dkt. No. 33-3 at 2–3, constitutes a new breach of the parties' EEOC settlement agreement, she may seek leave to amend her complaint to assert such allegations. But given the routine nature of such emails within civil litigation, and the parties' duty not to spoliate evidence, the Court is skeptical that such a claim would succeed on the merits.

**ORDER** - 2

evidence spoliation. *See* Dkt. No. 35 at 1. Upon review, the Court finds that the April 3 email appears appropriately tailored to comply with the District's duty to preserve evidence. And the Court finds no factual support for Thompson's allegations of witness intimidation or evidence spoliation. In short, the Court finds no grounds for sanctions. The motion is DENIED. Dkt. No. 35.

Finally, the Court addresses the District's request, in its opposition brief, for "an award of attorney's fees and costs associated with responding to Plaintiff's frivolous Motion for Sanctions, as there was no attempt by Plaintiff to confer with Defendant's counsel in an effort to resolve the discovery dispute without the requested court action." Dkt. No. 48 at 7. Given Thompson's pro se status—and the serious nature of the allegations contained in her complaint—the Court declines to impose an award of attorney's fees and costs in the District's favor.

IT IS SO ORDERED.

Dated this 5th day of May, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3