UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>　　　　　Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING IN PART MOTION TO AMEND |

　　　　This matter comes before the Court on pro se Plaintiff Rosa Maria Cabrera Thompson's Motion for Leave to File Second Amended Complaint. Dkt. No. 97. The Court, having reviewed the briefing, the proposed amended complaint, and the law, GRANTS IN PART, DENIES IN PART the motion as explained below.

　　　　Having already amended her complaint once as a matter of course, *see* Dkt. No. 46, Thompson "may amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendant Mukilteo School District No. 6 ("the District") does not consent, Thompson seeks the Court's leave.

ORDER GRANTING IN PART MOTION TO AMEND - 1

Under the Federal Rules, "[t]he court should freely give leave [to amend] when justice so requires." *Id.* "The Supreme Court has stated that 'this mandate is to be heeded.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Extreme liberality in granting leave to amend is especially appropriate with pro se plaintiffs, who are "[p]resumably unskilled in the law" and therefore "far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Id.* at 1131. However, "[w]hen considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Likewise, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Thompson seeks to amend her complaint to incorporate "new facts and evidence substantiating existing claims" and to add "six additional counts based on emerging legal theories[.]" Dkt. No. 97 at 1. Acknowledging the liberal standard under Rule 15(a)(2), the District, in large part, does not oppose Thompson's motion for leave to amend—but with one exception: the District argues that "the Court [should] deny Plaintiff's Motion to Amend with respect to Count XI" because "Plaintiff's new Claim IX is futile and subject to dismissal because as a matter of law, the statutes she asserts give rise to this claim do not apply to the facts set forth in her Complaint." Dkt. No. 102 at 3.

ORDER GRANTING IN PART MOTION TO AMEND - 2

The District is right. Thompson's proposed Count XI asserts a claim against the District under RCW 49.48, RCW 49.52, and "Washington Common Law" for "Lost Wages & Benefits," arguing that the District's "failure to provide salary verification" to Thompson's prospective employers "as agreed in the Separation Agreement" led to loss of wage-earning opportunities. Dkt. No. 97-1 at 41–45. This claim is meritless. RCW 49.48 and RCW 49.52 make it unlawful for employers to withhold wages and other moneys owed to employees upon separation. Thompson makes no such allegation and even acknowledges that such withholding did not occur. Instead, she argues for a novel reading of these statutes to provide "broader statutory protections" against "wage-suppressing practices." *See id.* at 41. While these remedial statutes should indeed be interpreted liberally, Thompson's argument stretches them well beyond their breaking point. This claim fails as a matter of law, and its inclusion would be futile.

As such, the Court DENIES IN PART Thompson's motion for leave to amend with respect to Count XI and GRANTS IN PART the motion in all other respects. In accordance the Local Civil Rules, the Court DIRECTS Thompson to "file and serve the amended pleading on all parties within fourteen (14) days of the filing of [this] order." *See* LCR 15(a). Thompson's amended filing should be identical to her proposed complaint at Dkt. No. 97-1, but with Count XI and all references to Count XI deleted. Once Thompson has filed and served her amended pleading, the Court DIRECTS the District to file a responsive pleading within SIXTY (60) days.

IT IS SO ORDERED.

Dated this 24th day of July, 2025.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Jamal N. Whitehead
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER GRANTING IN PART MOTION TO AMEND - 4