UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> MUKILTEO SCHOOL DISTRICT NO. 6, <br><br> Defendant. | CASE NO. 2:25-cv-00529-JNW <br><br> ORDER |

The Court held a hearing on several pending motions on Monday, December 22, 2025. This written order confirms and supersedes the Court's oral rulings and controls in the event of any inconsistency with statements made during the hearing.

For the reasons stated on the record, the Court rules as follows:

1. Plaintiff Rosa Maria Cabrera Thompson's Motion to Quash Defendant's 25 Identical Non-Party Subpoenas, or in the Alternative to Modify them, and for Protective Order, Request for Cost-Shifting, and Sanctions under FRCP 45(d)(1), 26(b), and 26(g) is DENIED. Dkt. No. 163.

ORDER - 1

2. Plaintiff's Motion to Compel and for In Camera Review is DENIED. Dkt. No. 175.

3. Mukilteo School District No. 6 ("District") Motion for Plaintiff Filing Restrictions is DENIED. Dkt. No. 192. Pre-filing review requirements should "rarely" be imposed. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Court must make substantive findings of frivolousness or harassment and consider less restrictive alternatives before imposing such restrictions. *Id.* at 1148. The record does not yet support such findings. But Plaintiff is cautioned that if the pattern of serial, repetitive filings continues, the Court will issue an order to show cause why filing restrictions and other sanctions should not be imposed.

4. The District's Motion for Numerical Limitations on Discovery Requests is GRANTED IN PART. Dkt. No. 204. Plaintiff has served six sets of discovery request, including 230 Requests for Admissions, 35 Interrogatories with many subparts, and 67 Requests for Production. This volume is excessive, unreasonably cumulative or duplicative, and disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1), (2)(C). At the hearing, Plaintiff agreed that she would limit her discovery to her currently outstanding requests and that she would not propound additional discovery without leave of Court. Accordingly, Plaintiff is limited to the discovery requests she has already served as of the date of this Order. Plaintiff may not propound any further interrogatories,

requests for production, or requests for admission without first obtaining leave of Court.

    a. Any motion for leave must show good cause and explain why additional discovery is necessary and proportional to the needs of the case.

    b. Any such motion may not exceed FIVE (5) pages. Any opposition must be filed within FIVE (5) days of the motion and may not exceed THREE (3) pages.

    c. The motion is DENIED in all other respects. Dkt. No. 204.

5. The District's Motion for Protective Order is GRANTED IN PART. Dkt. No. 166. The Court orders as follows:

    a. Plaintiff's arguments about waiver by disclosure and the crime-fraud exception lack merit and are rejected. Materials over which the District has properly asserted attorney-client privilege or work-product protection are shielded from disclosure. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Hickman v. Taylor*, 329 U.S. 495 (1947). The Court can determine from the face of certain requests that they seek presumptively privileged material. The District's privilege objections are SUSTAINED as to the following requests, which on their face seek attorney-client communications or attorney work product: RFPs 3.9, 4.5, 4.6, 4.7, 4.10, 5.1, 5.2, 5.3, 5.4, 5.5, 5.11, 5.13, 5.14, 5.15; and Interrogatory Nos. 5.3, 5.5. *See* Dkt. No. 166. But the Court cannot evaluate the District's privilege

ORDER - 3

claims for the other requests identified in its motion without a privilege log identifying what is being withheld and on what basis.

b. This ruling concerns privileged communications, not facts. The District must respond to discovery requests seeking factual information within its knowledge even if such facts may also appear in privileged communications.

c. Interrogatories 3, 12, and 15 from Plaintiff's Fifth Set are STRICKEN as improper contention interrogatories. *See* Fed. R. Civ. P. 33(a)(2). The District need not respond to these interrogatories.

d. The District must complete its responses to Plaintiff's outstanding discovery requests within SIXTY (60) days of this Order.

e. Within TWENTY-ONE (21) days of completing its discovery responses as ordered above, the District must serve a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A), identifying for each withheld document or document category the date, author, recipients, general subject matter, and specific privilege asserted. *See Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009, 1023 (N.D. Cal. 2022) (a proper privilege log must be "sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified"). Attorney-client communications or work product involving in-house or outside counsel or the Washington Schools Risk Management Pool created after the filing of Plaintiff's original complaint need not be listed on a privilege log.

ORDER - 4

    f.   To the extent that the District seeks a protective order to shield confidential information from disclosure or to restrict Plaintiff's use of discovery materials, that request is DENIED WITHOUT PREJUDICE. The District must file a separate motion that complies with Fed. R. Civ. P. 26(c) and LCR 26(c), including the required particularized showing of good cause. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

    g.   Plaintiff's request to deem Requests for Admission admitted is DENIED. A motion to compel admissions (or to establish an admission) is unnecessary. The rule is self-executing. *See* Fed. R. Civ. P. 36(a)(3).

    h.   The motion is DENIED in all other respects. Dkt. No. 166.

6.   The parties are ORDERED to engage in good faith meet-and-confer efforts by email exchange during business hours before filing any motions related to discovery disputes or before filing any other motion that requires a meet-and-confer certification. The Court will consider sanctions for extraneous filings and misuse of the docket.

IT IS SO ORDERED.

Dated this 23rd day of December, 2025.

                                               Jamal N. Whitehead
                                               United States District Judge