UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> MUKILTEO SCHOOL DISTRICT NO. 6, a public school district of the State of Washington, <br><br> Defendant. | CASE NO. 2:25-cv-00529-JNW <br><br> ORDER |

## 1.  INTRODUCTION

On January 29, 2026, Plaintiff Dr. Rosa Maria Cabrera Thompson, proceeding pro se, deposed nonparty witness Holly Morgenthaler by remote videoconference. Ms. Morgenthaler was the dedicated claims consultant assigned to the Mukilteo School District account at Washington Schools Risk Management Pool ("WSRMP") and, by her own testimony, retained attorney Shannon Ragonesi on behalf of WSRMP to conduct an employment investigation related to Plaintiff's claims.

ORDER - 1

After about three hours, counsel for Defendant and counsel for the deponent suspended the deposition and requested a telephonic conference with the Court. The Court heard argument and, finding it could not resolve the dispute without reviewing the record, terminated the deposition and directed Plaintiff to provide the transcript and any video recording. Having reviewed both, the Court finds that counsel's conduct impeded the fair examination of the witness in violation of Federal Rule of Civil Procedure 30(d)(2) and imposes sanctions accordingly.

## 2.  LEGAL STANDARD

Under Rule 30(d)(2), district courts "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Sanctions may be imposed on a party, an attorney, or even a nonparty witness. Fed. R. Civ. P. 30 advisory committee notes (1993 Amendments). District courts have wide discretion in fashioning an appropriate sanction. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), and in all cases, the Court retains inherent power to sanction conduct undertaken in bad faith or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991).

## 3.  DISCUSSION

Plaintiff is a former school administrator representing herself. She is not a litigator. The attorneys across the table were licensed, experienced practitioners. The Court expects members of the bar to know and follow the Federal Rules, particularly when the opposing party is unrepresented. What the transcript reveals

ORDER - 2

is, in important respects, the opposite, as it was the attorneys, not the pro se Plaintiff, whose conduct most violated the Rules governing depositions.

The problems began almost immediately. Before asking her first substantive question, Plaintiff tried to establish ground rules, including that objections be limited to those permitted under the Federal Rules. Tr. 12–13. Many attorneys begin depositions with a series of admonitions—it is routine practice. Yet counsel for Defendant responded with a threat to seek remedies, and counsel for the deponent objected at length. This exchange set the tone for the deposition that followed.

From that point forward, counsel lodged a steady stream of relevance-based objections, arguing that the questions were outside the scope of the deposition and that Ms. Morgenthaler was not testifying as a 30(b)(6) corporate representative. Counsel characterized the examination as harassing, oppressive, and conducted in bad faith. The Court acknowledges that counsel was in a difficult position. Dr. Cabrera's questions were at times repetitive, compound, and inefficient, and some were better suited to a Rule 30(b)(6) corporate designee than an individual witness. The Court understands the frustration. Still, the relevance bar at deposition is low. Discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The proper response to an arguably irrelevant question is a concise objection on the record, after which the witness may answer and with the admissibility question saved for later. If a question exceeded the witness's personal knowledge as an individual deponent, she was free to say so.

ORDER - 3

Many of the questions that drew the heaviest objections had at least some connection to the claims in this case. The circumstances of Ragonesi's retention and Morgenthaler's authority could speak to the scope of Ragonesi's engagement—a central issue. Questions about conflict checks could bear on whether Ragonesi's alleged conflict of interest was known or discoverable. And the line of questioning about the Origami Risk claims system—which prompted counsel to end the deposition, Tr. 106–107—could be relevant to Plaintiff's allegations about information sharing across districts. The Court need not resolve the ultimate relevance of each question here. It is enough to note that the questioning fell within the broad scope of discovery permitted under Rule 26(b)(1), and that counsel's characterization of it as harassment or bad faith was unwarranted.

The relevance objections did not remain objections. On multiple occasions, counsel instructed the witness not to answer. *See, e.g.*, Tr. at 22:22, 29:14, 37:1, 77:3, 79:17, 95:1. Under Rule 30(c)(2), an instruction not to answer is permitted "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." That list is exhaustive. *See Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance."). The instruction at Tr. 29:14, protecting attorney-client communications, was proper. But the instructions at Tr. 37:1, 77:3, and 79:16–17, based on scope and the witness's status as an individual deponent, were not.

Counsel's most consequential action was ending the deposition without authorization. At Tr. 107, counsel declared: "My client is not answering any

ORDER - 4

questions at this point." Rule 30(d)(3) permits counsel to suspend a deposition and seek a court order. True, counsel ultimately did contact the Court, but not before terminating the examination outright and refusing to allow the witness to answer any further—perhaps less controversial—questions on any topic, without a court order and without identifying a privilege. Doing so prevented the deposition from moving forward and substituted counsel's judgment for the Court's.

Plaintiff bears some responsibility for the deposition's dysfunction, but her missteps are common for a pro se litigant and do not constitute bad faith or sanctionable conduct. The Court addresses them through the ground rules below.

## 4.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Defendant and counsel for Holly Morgenthaler will split the full cost of the court reporter fees and related expenses for the January 29, 2026, deposition, including the transcript and video provided to the Court.

2. The deposition of Ms. Morgenthaler may resume. Plaintiff's total remaining examination time is FOUR (4) hours, exclusive of any breaks. The parties must meet and confer to schedule the resumed deposition with the deposition to occur within THIRTY (30) days of this order. Plaintiff will bear the costs of the resumed deposition.

3. Moving forward, the following ground rules apply to all future depositions:

ORDER - 5

a. Objections must be stated concisely in a nonargumentative and nonsuggestive manner. A proper deposition objection sounds like "Objection, form." *See* Fed. R. Civ. P. 30(c)(2).

b. Counsel may not instruct a witness not to answer except to preserve a privilege, enforce a court-ordered limitation, or present a motion under Rule 30(d)(3). *See* Fed. R. Civ. P. 30(c)(2).

c. No party or counsel may unilaterally terminate a deposition. If a party or counsel believes termination is warranted, they must state the basis on the record and promptly contact the Court. Pending the Court's ruling, the deposition may continue on uncontested topics unless the Court orders otherwise.

d. Plaintiff should focus her examination on matters within the witness's personal knowledge and avoid treating individual deponents as corporate representatives.

4. The parties may proceed with other properly noticed depositions, subject to these ground rules.

The Court has intervened in discovery disputes in this case on multiple occasions. Future violations of the deposition rules—by any party or counsel—may result in more severe sanctions.

Dated this 20th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 6