UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSA MARIA CABRERA THOMPSON,

Plaintiff,

v.

MUKILTEO SCHOOL DISTRICT NO. 6,

Defendant.

CASE NO. 2:25-cv-00529-JNW

ORDER DENYING MOTION FOR RECONSIDERATION

## 1. INTRODUCTION

Counsel suspended a deposition, called the Court, and asked it to limit Plaintiff's examination. The Court reviewed the complete transcript and video recording and found that it was counsel—not Plaintiff—who had violated the Federal Rules, by instructing the witness not to answer on grounds Rule 30(c)(2) does not recognize and by terminating the deposition without authorization. A modest sanction followed. Dkt. No. 243. Counsel now moves for reconsideration, arguing they lacked adequate process and that pre-deposition correspondence would have changed the outcome. Dkt. No. 250. Neither argument has merit. The motion is DENIED, but the Court clarifies the expenses portion of its prior order.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

## 2.  LEGAL STANDARD

"Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The standard is exacting. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## 3.  DISCUSSION

### 3.1  Counsel had adequate process.

Counsel's lead argument is that "[r]econsideration is warranted because the issue of sanctions was not fully briefed and no formal motion was presented." Dkt. No. 250 at 7. One might expect this argument from a party blindsided by a sua sponte sanctions order. It is harder to make with a straight face when the party complaining about inadequate process is the same party that picked up the phone and asked for the hearing. Indeed, Counsel suspended the deposition, contacted chambers, requested a telephonic hearing, and asked the Court to limit Plaintiff's examination. That is a motion, initiated by counsel seeking judicial action. Having

ORDER DENYING MOTION FOR RECONSIDERATION - 2

invoked the Court's authority, counsel cannot now complain that the Court exercised it.

Yes, the motion was made orally rather than in writing, but counsel chose to proceed that way and Rule 30(d)(3) expressly contemplates such oral motions. When such a motion is denied, Rule 30(d)(3)(C) provides that "Rule 37(a)(5) applies to the award of expenses," and Rule 37(a)(5)(B) provides that the court "must . . . require the movant . . . to pay the . . . reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(B). These provisions establish a well-understood framework: if you bring a discovery motion and lose, you may have to pay.

Rule 37(a)(5) also requires that the court afford the parties "an opportunity to be heard" before awarding expenses. The Court did so here. It held a telephonic hearing on January 29, 2026, at which Ms. Starks, Ms. Foster, and Dr. Cabrera Thompson each argued at length. The Court then warned, on the record, that "[s]anctions may be coming based on what I see in the transcript of the deposition." Dkt. No. 249 ("Tr.") at 15:12–13. That is notice and a hearing—no further process was due. *See Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

Counsel further contends that "[h]ad the Defendant and counsel for Ms. Morgenthaler been able to present facts related to the deposition parameters set in advance of the deposition, the factual basis underlying the Court's Order would have been altered." Dkt. No. 250 at 7. The Court is unsure what to make of

ORDER DENYING MOTION FOR RECONSIDERATION - 3

this. The "factual basis" for the Order was a verbatim transcript and a video recording of counsel's own conduct. No pre-deposition correspondence will alter what counsel said and did once the examination began—and the Court has now watched and read it twice. Counsel seems to believe that the opportunity to be heard means the opportunity to be heard and then heard again, with additional materials they hope will cast a different light on a record that speaks for itself. It does not.

Nor would additional briefing change the legal result. The modest sanction that followed is independently supported by Rules 30(d)(3)(C) and 37(a)(5)(B) as the natural consequence of a losing motion to limit a deposition, and by Rule 30(d)(2) as an appropriate response to conduct that impeded the fair examination of the witness.

### 3.2    Counsel's remaining arguments.

Counsel contends that the Court "severely limited input from Alexis Foster" and points to the minute entry's omission of her name as "further evidence of the disregard for attempted advocacy on behalf of her client." Dkt. No. 250 at 2. The transcript tells a different story. The Court invited Ms. Foster to speak. Tr. at 5:10–11. She did, describing the pre-deposition scheduling disputes, the subpoena's alleged deficiencies, and the nature of the questions she found objectionable. Tr. at 5:12–7:1; 7:10–9:4; 9:20–10:9. The Court engaged her directly, asking for her "best example right now of something harassing or beyond the pale." Tr. at 9:17–19. She answered that her argument rested on "the totality of the circumstances." Tr. at

9:20–21. All told, Ms. Foster spoke for the better part of four transcript pages. The omission of her name from the minute entry was clerical. The suggestion that she was silenced is contradicted by the very record counsel asks the Court to revisit.

Counsel's remaining substantive arguments fare no better. The claim that pre-deposition scope agreements justified the instructions not to answer misunderstands Rule 30(c)(2), which permits such instructions only to preserve a privilege, enforce a court-ordered limitation, or present a motion under Rule 30(d)(3). A private email exchange with a pro se litigant is none of those things. And even on counsel's own terms, the email they rely on describes the agreed scope as including "who communicated with whom; what systems/processes were used to log or disseminate 'risk' information; what authorizations existed regarding investigation materials; and what actions were taken after Plaintiff's separation." Dkt. No. 250 at 4. Many of the questions that drew the heaviest objections fell comfortably within that language. As for the characterization of Plaintiff's questioning as "harassing, oppressive, and [conducted in a] bad-faith manner," *id.* at 2, the Court has addressed this twice now and will not do so a third time. To be sure, asking questions outside a deponent's personal knowledge is perhaps a waste of time, but it is not an act of oppression. The deponent need only say she does not know.

Finally, counsel asks the Court to "clarify the remedies available" should Plaintiff again pose questions better suited to a corporate representative. Dkt. No. 250 at 10. The ground rules in the original Order track the text of Rules 30(c)(2) and 30(d)(3). They are the clarification.

ORDER DENYING MOTION FOR RECONSIDERATION - 5

### 3.3    Clarification of expenses.

On this point, counsel is right to seek clarification, as Plaintiff's demands have exceeded the scope of the Order. The Court's prior Order required the District and counsel for Ms. Morgenthaler to "split the full cost of the court reporter fees and related expenses for the January 29, 2026, deposition, including the transcript and video provided to the Court." Dkt. No. 243 at 5. That language does not cover Plaintiff's "preparation fees," service of process, printing, mailing costs, PACER charges, or any other ancillary expense. Nor does it cover invoices for other depositions.

Plaintiff's invoices are not a model of clarity. The Filevine invoices submitted appear to cover 40 depositions across month-long billing periods, *see* Dkt. Nos. 251-3 and 251-5, and one was paid before the Morgenthaler deposition even occurred, *see* Dkt. No. 251-6. The Court has reviewed the available documentation and concludes that the costs attributable to the Morgenthaler deposition are $1,132.50. *See* Dkt. No. 251-4. Counsel for the District and Ms. Morgenthaler must split that amount.

## 4.    CONCLUSION

Accordingly, the Court orders as follows:

1. The motion for reconsideration is DENIED. Dkt. No. 250.

2. The Court clarifies its previous order, Dkt. No. 243. If Thompson has already paid the $1,132.50 for the deposition fees, she must provide the District and counsel for the deponent with a copy of the receipt as proof of payment within SEVEN (7) days of this order. District and counsel for

ORDER DENYING MOTION FOR RECONSIDERATION - 6

deponent must then reimburse Thompson directly within FOURTEEN (14) days of receipt of such proof. If payment for the $1,132.50 amount has not yet been made to the vendor, then counsel for the District and the deponent may remit payment directly to the vendor.

Dated this 16th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 7