UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>                Plaintiff,<br><br>        v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>                Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER DENYING PLAINTIFF'S "COMBINED" AND "OMNIBUS" MOTIONS |

## 1.  INTRODUCTION

Pro se Plaintiff Rosa Maria Cabrera Thompson's has filed an "omnibus motion" and a "combined motion" seeking various forms of relief. Dkt. Nos. 253; 254. Because neither motion complies with the Local Civil Rules, the motions are denied.

## 2.  BACKGROUND

Thompson's first motion is a "Combined Motion," seeking: (1) vacatur of this Court's previous order, Dkt. No. 211; (2) sanctions against opposing counsel for alleged fraud on the court committed by Mukilteo's counsel; (3) an order resolving the parties alleged discovery disputes. Thompson contends that defense counsel

ORDER DENYING PLAINTIFF'S "COMBINED" AND "OMNIBUS" MOTIONS - 1

altered and deleted sections of her discovery requests, and then "signed and served on Plaintiff a document titled "Plaintiff's Third Set of Requests for Admission and Defendant's Answers and Objections Thereto.'" Dkt. No. 253 at 7. Thompson also argues that defense counsel deliberately "withheld" this information from the Court during the status conference on December 22, 2025. As a result, Thompson contends that the Court's order, Dkt. No. 211, was obtained through fraud and should be vacated. Finally, Thompson seeks sanctions under this Court's inherent authority, Fed. R. Civ. P. 11(c), and 28 U.S. Code § 1927 for defense counsel's alleged fabrication and for "unreasonably and vexatiously" multiplying proceedings. Dkt. No. 253 at 11. She certifies the motion around 5,870 words and notes it for April 6, 2026.

Thompson's second motion is an "Omnibus Motion," seeking "four categories of interrelated relief arising from newly discovered documentary evidence obtained in February 2026." She seeks to add ten more defendants and Doe's 1-30; leave to amend her complaint; preliminary injunctive relief to enjoin all named and proposed defendants from continuing to interfere with Thompson's employment opportunities; and an order compelling discovery and sanctions. *Id*. at 2–3. She certifies the motion around 7,318 words and notes it for April 6, 2026.

### 3.  DISCUSSION

The Local Civil Rules are not suggestions. They set noting dates, word limits, and filing requirements that apply to every litigant, including pro se litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court has explained this to

ORDER DENYING PLAINTIFF'S "COMBINED" AND "OMNIBUS" MOTIONS - 2

Thompson before. Dkt. Nos. 56, 93, 144, 145. Both motions now before the Court suffer from procedural defects that prevent the Court from reaching the merits.

### 3.1.1    Word limits.

Neither motion complies with the word limits in LCR 7(e).

Dkt. No. 253 is a sanctions motion. It is not listed in LCR 7(d)(1), (2), or (4) and thus falls under the 21-day catch-all of LCR 7(d)(3), which carries a 4,200-word limit. LCR 7(e)(3). Thompson certifies it at 5,870 words "inclusive of caption, evidentiary appendix, signature block, and certificate of service." Even subtracting those excluded items, the motion exceeds 4,200 words.

Dkt. No. 254 bundles four motions governed by three different noting schedules: a motion for relief from a deadline (14-day, LCR 7(d)(2)), a motion to compel and a motion for sanctions (21-day, LCR 7(d)(3)), and a motion for preliminary injunction (28-day, LCR 7(d)(4)). The 14-day and 21-day parts carry a 4,200-word limit. LCR 7(e)(2)–(3). Only the preliminary injunction is entitled to 8,400 words. LCR 7(e)(4). Thompson's certification of 7,318 words for the entire filing means the non-injunctive components necessarily exceed their individual limits. Packaging them together does not enlarge the word count for each.

Thompson filed no motion for leave to file over-length briefs under LCR 7(f) for either filing. The Court may refuse to consider text beyond the applicable limits. LCR 7(e)(6).

### 3.1.2    The "omnibus" format.

The omnibus format creates a second problem beyond word limits: it collapses different noting schedules into one. A 14-day motion, a 21-day motion, and a 28-day motion cannot share a single noting date and a single briefing schedule. Defendant is entitled to know which response deadline and which word limit applies to each request for relief. The Local Rules contemplate discrete motions with discrete schedules. LCR 7(d). The same problem afflicts Dkt. No. 253, which combines a sanctions motion with a vacatur motion and discovery relief under a single noting date.

### 3.1.3    TRO request.

Part III of Dkt. No. 254 is styled as an "Emergency Motion for Preliminary Injunctive Relief" and requests a TRO in the alternative. But the motion is noted for April 6—28 days out. If the harm is truly imminent, LCR 65(b) prescribes a different procedure: same-day noting, a call to the Clerk's Office to alert chambers, and a proposed order specifically describing the acts to be restrained. LCR 65(b)(2)–(4). Embedding a TRO request in a 31-page omnibus motion noted for nearly a month later is not how emergency relief works. The Court denied a prior TRO motion by Thompson on similar procedural grounds. Dkt. No. 144.

### 3.1.4    Missing proposed amended complaint.

Part II of Dkt. No. 254 seeks leave to amend the complaint under Rule 15(a)(2). Local Civil Rule 15(a) requires that "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an

exhibit to the motion." Thompson did not attach a proposed amended complaint. The Court cannot evaluate a motion for leave to amend without seeing what the amendment would say.

### 3.1.5    Late declarations.

Thompson's supporting declarations, Dkt. Nos. 255 and 256, were filed on March 14—five days after the motions themselves. LCR 7(b)(1) requires that supporting evidence accompany the motion at the time of filing.

## 3.2    A word of caution.

This denial is without prejudice, but Thompson should think carefully before refiling. The Court does not reach the merits, but it has read the motions and has concerns about whether they would succeed even in proper form.

On vacatur: defense counsel's Praecipe at Dkt. No. 239 corrects an error in the comparison table at pages 6–15 of Dkt. No. 204. Thompson characterizes this as fraud on the court. The gap between a filing error—even a serious one—and fraud on the court under Rule 60(d)(3) is wide. Fraud on the court requires an intentional, material misrepresentation that defiles the court itself. *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017). Thompson should consider whether her evidence actually meets that standard.

On sanctions: Rule 11(c)(2) motions must be filed separately, not embedded in omnibus filings. And a mislabeled document, even one that should not have been mislabeled, is not automatically evidence of the subjective bad faith required under 28 U.S.C. § 1927. *See Est. of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

On amendment: The deadline for joining additional parties was September 19, 2025—nearly six months before this filing. *See* Dkt. No. 109. Modification requires a showing of good cause under Rule 16(b)(4), and any refiled motion will need to clear that bar.

On the preliminary injunction: Thompson asks this Court to enjoin named and proposed defendants from conduct they are already perhaps contractually and legally obligated to refrain from. A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Thompson's allegations of past harm, much of it now a year old, do not by themselves establish the imminent, irreparable injury the standard requires.

On the motion to compel: Thompson's motion describes withheld documents in general terms but does not identify the specific discovery requests at issue or attach Mukilteo's responses. The Court cannot evaluate a discovery dispute it cannot see.

On the duty to meet-and-confer: The Court reminds both parties that its meet-and-confer directive at Dkt. Nos. 158 and 211 remains in effect. Thompson may not skip conferral on the ground that it would be futile. Mukilteo may not ignore conferral emails and then object that no conference occurred.

None of this forecloses Thompson from refiling. But refiling the same arguments in new and separate wrappers is not a winning strategy.

ORDER DENYING PLAINTIFF'S "COMBINED" AND "OMNIBUS" MOTIONS - 6

## 4. CONCLUSION

The Court DENIES Thompson's motions at Dkt. Nos. 253 and 254 without prejudice.


Dated this 20th day of March, 2026.

Jamal N. Whitehead
United States District Judge