UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>          Plaintiff,<br><br>   v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>          Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA |

## 1.  INTRODUCTION

This matter comes before the Court on non-parties Mark Filipini and Shelby Stoner's motion to quash deposition subpoenas served on them by pro se Plaintiff Rosa Maria Cabrera Thompson. Dkt. No. 236. For the reasons stated below, the Court GRANTS the motion.

## 2.  BACKGROUND

Thompson served deposition subpoenas on Mark Filipini and Shelby Stoner, both of whom previously served as outside legal counsel for Defendant Mukilteo School District ("District"). Dkt. No. 237-1. Filipini and Stoner previously

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 1

represented the District in a dispute with Thompson before the U.S. Equal Employment Opportunity Commission (EEOC). Dkt. No. 236 at 2. The parties resolved the EEOC dispute through mediation and executed a settlement agreement. *Id.* Filipini and Stoner timely responded and objected to the subpoenas. Dkt. No. 237-1 at 6–11.

The subpoenas seek testimony and production of documents. The document requests are identical and seek:

> all versions of separation & EEOC agreement, all documents submitted to the EEOC on behalf of Mukilteo School District, all non-privileged emails from WSRMP and MSD granting permission to use barred investigation report, all candidate disclosures, all emails with investigation report, all invoices for EEOC charges (2023 and 2024), all non-privileged emails, 2023-2025 call logs & calendar invites.

Dkt. No. 237-1 at 2, 4.

Filipini's and Stoner's counsel notified Thompson that they do not maintain any responsive documents in their personal possession, custody, or control. Dkt. No. 237-1 at 6, 11.

Thompson filed an opposition and "cross-motion to compel." Dkt. No. 242. Thompson also filed a supporting declaration on February 23, 2026, Dkt. No. 244, and a praecipe, Dkt. No. 246, on the same date. Filipini and Stoner filed a reply. Dkt. No. 245.

## 3.  DISCUSSION

### 3.1  Preliminary matters.

Before turning to the merits, the Court notes several procedural deficiencies in Thompson's response. Dkt. No. 242.

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 2

First, Thompson filed a supporting declaration six days after her opposition brief was due, without explanation or justification. Dkt. No. 244. Parties, including pro se litigants, must file complete and timely submissions. The Court may refuse to consider later-filed corrections or additions to the record. LCR 7(m). The Court has considered the declaration notwithstanding its untimely filing and finds that it does not alter the analysis below.

Second, Thompson's opposition brief does not certify the word count and exceeds the 4,200-word limit applicable to 21-day motions. *See* LCR 7(e)(3). The Court has considered the opposition notwithstanding these deficiencies but cautions Thompson that future noncompliance may result in the Court declining to consider untimely or overlength submissions.

Third, Thompson's praecipe, Dkt. No. 246, filed on the date the reply brief was due, functions as an unauthorized surreply. The Court declines to consider it. *See* LCR 7(g) (governing surreplies).

Finally, Thompson embedded a "cross-motion to compel" in her opposition brief, seeking discovery from the District. Dkt. No. 242 at 28–32. This cross-motion is procedurally deficient: it is directed at the District rather than the non-party movants, and it lacks the meet-and-confer certification required by LCR 37(a)(1). The cross-motion is DENIED on these procedural grounds, without prejudice to Thompson's ability to file a properly noticed Rule 37 motion, *if warranted*.

As the Court has reminded Thompson multiple times, Dkt. Nos. 56, 93, 144, 145, 258, she must follow the Local Civil Rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Further failure to comply with the rules may result in sanctions.

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 3

**3.2    The motion to quash.**

Rule 30 permits a party to depose "any person," Fed. R. Civ. P. 30(a)(1), and there is no express prohibition against deposing attorneys. But courts generally treat attorney depositions with heightened scrutiny.  Under Rule 45, the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The seminal case is *Shelton v. American Motors Corp.*, which requires parties seeking discovery from opposing counsel to meet a heightened burden. 805 F.2d 1323, 1327 (8th Cir. 1986). The Ninth Circuit has not expressly adopted *Shelton,* but courts in this district and elsewhere in the Ninth Circuit recognize *Shelton* as the leading case on attorney depositions. *DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, 415 (W.D. Wash. 2007) ("District courts in this [district] have uniformly followed the Eighth Circuit when analyzing whether to permit the deposition of counsel.") (citing cases). Under *Shelton,* a party seeking to depose an opposing party's counsel must show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  805 F.2d at 1327 (internal citation omitted).

The *Shelton* court emphasized that while opposing trial counsel is not "absolutely immune from being deposed," the "circumstances in which the court should order the taking of opposing counsel's deposition ... should be limited." *Id.  Shelton* "was intended to protect against the ills of deposing opposing

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 4

counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy," but "was not intended to provide heightened protection to attorneys who represented a client in a completed case ... where the information known only by the attorneys regarding the prior concluded case [is] crucial" to issues in a pending matter. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (emphasis added). Courts have applied *Shelton* to depositions of former counsel when those counsel's representation implicates issues "central to the instant litigation." *Clare v. Clare*, No. 4:18-CV-05045-SAB, 2021 WL 6206978, at * 3 (E.D. Wash. Nov. 16, 2021).

Filipini and Stoner were outside legal counsel to the District in the EEOC dispute that is the foundation of Thompson's claims here. Dkt. No. 236 at 2; Dkt. Nos. 111, 242. Accordingly, *Shelton* applies because Filipini and Stoner's representation of the District in the EEOC proceeding implicates issues "central to the instant litigation." *Clare*, 2021 WL 6206978, at *3.

The Court turns to whether Thompson has satisfied the *Shelton* factors. *Shelton*, 805 F.2d at 1327. First, Thompson has not shown that no other means exist to obtain the information she seeks *Id*. In her opposition, Thompson identifies several categories of information she wants from Filipini and Stoner, including "what was submitted to the EEOC, when, and by whom" and "what was attached as an exhibit and how it was labeled." Dkt. No. 242 at 20. This is information Thompson can obtain from the District directly. Indeed, Thompson's own cross-motion to compel—embedded in her opposition—seeks the same categories of documents from the District: K&L Gates invoices, EEOC billing records, insurance

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 5

claims submissions, and payment records. Dkt. No. 242 at 30. That Thompson simultaneously seeks to compel this information from the District undermines her contention that deposing former counsel is the only means of obtaining it.

Second, Thompson identifies a mix of facially nonprivileged topics (the drafting chronology of the separation agreement, documents submitted to the EEOC, and billing records) and plainly privileged topics (including "instructions or communications concerning withholding investigative materials from Plaintiff"). Dkt. No. 242 at 29. To the extent Thompson seeks nonprivileged information, that information is obtainable from the District, as discussed above. To the extent Thompson seeks information about counsel's knowledge of "investigative activity," any such knowledge Filipini and Stoner acquired in their capacity as counsel is protected by the attorney-client privilege and work-product doctrine. The District, which holds the privilege, has expressly declined to waive it. Dkt. No. 236 at 3.

Given the centrality of the attorney-client relationship to the entire subject matter of these depositions, any deposition of Filipini and Stoner would carry a significant risk of intruding into privileged territory—no matter how the questions are framed. The proper mechanism for addressing discrete privilege disputes is targeted objections on a question-by-question basis during a deposition that is otherwise justified under *Shelton*. It is not appropriate to subject non-party former counsel to depositions where the overwhelming likelihood is that most lines of inquiry will require privilege objections and produce little usable testimony.

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 6

Third, the Court considers whether the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327. Thompson argues that discovery into the billing procedures for EEOC matters is crucial to determining whether there was "potential misallocation, misclassification, or improper reimbursement pathways" and that deposing counsel who defended those EEOC proceedings is the only way to reliably obtain that information. Dkt. No. 242 at 22. The Court does not doubt that the *information* Thompson seeks may be important to her claims. But *Shelton* asks whether the *depositions of these particular witnesses* are crucial—not merely whether the subject matter is relevant. Any nonprivileged information Filipini and Stoner could provide is obtainable from the District. Furthermore, Thompson herself was a party to the settlement negotiations she seeks to inquire about, and she already possesses correspondence reflecting the drafting chronology of the agreement. *See* Dkt. No. 244 (attaching draft agreements exchanged between Thompson and Filipini); *Busey v. Richland Sch. Dist.*, No. 13-CV-5022-TOR, 2014 WL 1404580, at *2 (E.D. Wash. Apr. 10, 2014) (denying request to depose counsel regarding conversations in which plaintiff participated). The depositions are not "crucial" within the meaning of *Shelton* because the nonprivileged information they could yield is available through other means.

Applying *Shelton*'s three factors, the Court finds that Thompson has not carried her burden. The nonprivileged information Thompson seeks is obtainable from the District. The depositions would risk intrusion into privileged communications between the District and its former counsel, particularly given that the EEOC proceedings are central to Thompson's claims. And the depositions are

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 7

not crucial to Thompson's case preparation because the same information is available from other sources. The subpoenas are quashed.

### 4.   CONCLUSION

The Court GRANTS the motion to quash. Dkt. No. 236. Thompson's cross-motion to compel is DENIED without prejudice. Dkt. No. 242.

Dated this 31st day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING NONPARTY WITNESSES' MOTION TO QUASH THE DEPOSITION SUBPOENA - 8