UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>                    Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER |

## 1.  INTRODUCTION

Defendant Mukilteo School District No. 6 ("District") moves the Court under Fed. R. Civ. P. 36(a)(3) and 6(b)(1)(B) to enter an order deeming their responses to Plaintiff Rosa Maria Cabrera Thompson's Requests for Admissions as timely served. Dkt. No. 216. Thompson responds and brings a number of motions. Dkt. No. 228. The Court GRANTS in part the District's motion and DENIES Thompson's motions in their entirety.

ORDER - 1

## 2.  BACKGROUND

This is a messy discovery dispute. From what the Court can tell, the confusion arose on October 7, 2025, when Thompson served two sets of discovery in a single day. Earlier that day, she served her Third Set of Requests for Admission, consisting of RFAs Nos. 41–76. Later that evening, she served her Fifth Set of Discovery Requests (Interrogatories, Requests for Production, and Requests for Admission). Dkt. No. 219 at 7. The District claims that because two sets of RFAs arrived the same night, defense counsel relabeled the Fifth Set of Requests for Admission as a "Third Set of Requests for Admission" for internal tracking purposes Dkt. No. 216 at 4.

On November 6, 2025, the District responded to the RFAs it had relabeled, but it did not serve responses to Thompson's actual Third Set (RFAs 41-76). Dkt. No. 217-2 at 2. Thompson contends that because the District responded to a set she never served, and did not respond to the actual Third Set by the November 7, 2025, deadline, those RFAs are admitted by operation of Rule 36(a)(3). The District later attempted to serve responses to the actual Third Set on December 29, 2025—52 days late.

On November 22, 2025, Thompson served her Seventh Set of RFAs, with responses due December 22, 2025. Before the deadline, the parties exchanged correspondence about duplicative requests. Thompson agreed to withdraw eleven specific RFAs she identified as exact duplicates, but stated the remaining RFAs would stand. Dkt. No. 219 at 9; Dkt. No. 217-9 at 7. The District asked Thompson to re-serve a revised set. Thompson offered to do so but had not yet re-served the set

ORDER - 2

when the deadline passed. The District served no responses by December 22 and now contends the entire Seventh Set was effectively withdrawn. Thompson disputes this and contends the non-withdrawn RFAs are admitted by operation of Rule 36(a)(3).

### 3.  LEGAL STANDARD

Under Rule 36(a)(3), a matter is admitted unless the responding party serves a written answer or objection within 30 days. The rule is self-executing. *Id.* Once admissions attach, the Court may permit withdrawal or amendment under Rule 36(b) if two conditions are met: (1) withdrawal would promote the presentation of the merits, and (2) the Court is not persuaded that withdrawal would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 621–22 (9th Cir. 2007); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The Court has broad discretion in managing discovery and may consider the totality of the circumstances. *Conlon*, 474 F.3d at 622.

### 4.  DISCUSSION

**4.1    The Fifth Set RFAs were substantively answered.**

The District's November 6, 2025, responses substantively answered the RFAs embedded in Thompson's Fifth Set of Discovery Requests. The District labeled its responses as a "Third Set," but the content of the responses addressed the substance of the Fifth Set RFAs. Rule 36 requires that a "written answer or objection" be served within 30 days. A substantive response that addresses the correct requests is

ORDER - 3

not rendered untimely simply because it was served under an incorrect title. Because the District served substantive responses to the Fifth Set RFAs within the deadline, the admissions never attached as to those requests. The mislabeling was careless, but it was a labeling error, not a failure to respond.

The Court finds that the District's November 6, 2025, responses, though mislabeled, constitute substantive responses to the RFAs embedded in Thompson's Fifth Set of Discovery Requests. No re-service of those responses is required. Going forward, however, the District must respond to all discovery requests using the propounding party's labeling and numbering as served.

### 4.2 The Third Set RFAs (41–76) and Seventh Set RFAs: withdrawal of deemed admissions is warranted.

The Court acknowledges that the Third Set RFAs (Nos. 41–76), which were served on October 7, 2025, and due November 7, 2025, were not timely answered. The Court further acknowledges that the non-withdrawn RFAs in the Seventh Set, which were due December 22, 2025, were not timely answered. Under Rule 36(a)(3), those matters were admitted by operation of law. Still, the Court exercises its discretion under Rule 36(b) to permit withdrawal of those admissions. Both conditions are satisfied.

First, withdrawal promotes the presentation of the merits. This case involves claims seeking approximately $10 million in damages. The RFAs at issue go to contested factual and legal questions that should be resolved on evidence. Resolving liability through deemed admissions that resulted from a labeling dispute and a breakdown in the meet-and-confer process would not serve the interests of justice.

ORDER - 4

The Court also finds that the circumstances here weigh in favor of relief. Thompson served over 230 RFAs across seven sets in a case that has been pending less than a year. Two sets were served on the same day, with nonsequential numbering and mixed discovery types. The volume, pace, and overlapping service created conditions in which tracking errors were foreseeable. While the District's relabeling was its own choice, and the Court does not excuse that choice, the operating environment in which the error occurred is relevant to the Court's exercise of discretion. Rigidly enforcing Rule 36's self-executing mechanism under these conditions would elevate form over substance in a way that disserves the litigation.

As for the Seventh Set specifically, the record shows that both parties understood the set was in flux as of the December 22 deadline. Thompson had agreed to withdraw specific duplicates and offered to re-serve a revised set. The District asked her to do so. Thompson had not yet re-served the set when the deadline passed. Under these circumstances, the District's decision to await a revised set rather than respond to a set the parties were actively negotiating was not unreasonable.

Second, Thompson is not prejudiced. Discovery remains ongoing. Thompson has not moved for summary judgment in reliance on these admissions. No depositions have been conducted that turned on specific admissions at issue here. Thompson retains the ability to prove every fact covered by the RFAs through depositions, documents, and other discovery. The admissions were operative for a matter of weeks before this dispute surfaced. Walking them back changes

ORDER - 5

Thompson's tactical posture, but it does not deprive her of the ability to maintain her claims on the merits. *See Hadley*, 45 F.3d at 1348.

### 4.3    Thompson's motions.

In her opposition brief, Thompson includes a (1) motion to strike or deny for failure to meet and confer; (2) motion for reconsideration of discovery-limit order; (3) motion for sanctions; and (4) a request for certification for interlocutory appeal. Dkt. No. 219.

On the motion to strike: Thompson is correct that the District failed to include a Rule 37(a)(1) certification in its motion. Dkt. No. 216. The Court will not allow this defect to prevent the Court from reaching the merits of the motion. Once again, the Court reminds both parties that the meet-and-confer directive is a requirement, not a suggestion. The District is warned that future discovery motions filed without proper conferral certification may be denied without reaching the merits.

On the motion for reconsideration: the Court will not reconsider its previous order. Dkt. No. 211. The Court explicitly deferred the RFA dispute at the December 22, 2025, hearing because the record was not fully developed. Dkt No. 227 at 26–27. Now that the record is developed and before the Court, the Court finds no reason to revisit its previous order. Moreover, motions for reconsideration must be filed as standalone motions under LCR 7(h), not embedded in opposition briefs.

On sanctions: Rule 11(c)(2) motions must be filed separately, not embedded in omnibus filings. The District's efforts to create a consistent discovery record, even if

ORDER - 6

done in error, are not automatically evidence of the subjective bad faith required under 28 U.S.C. § 1927. *See Est. of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Thompson's request for sanctions is denied.

On the request for certification: Thompson's request for certification is denied. 28 U.S.C. § 1292(b). This dispute turns on factual circumstances specific to this case and does not satisfy any of the conditions for certifying an order for appeal. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

## 5. CONCLUSION

Accordingly, the Court orders the following:

1. The District's motion to deem responses to Plaintiff's requests timely admitted is GRANTED in part. Dkt. No. 216. The deemed admissions on the Third Set (RFAs 41–76) and the Seventh Set are withdrawn under Rule 36(b). The District's request for a ruling that the Seventh Set was withdrawn in whole is DENIED. Only the eleven specific RFAs Thompson withdrew on December 11, 2025, are withdrawn. The motion is denied in all other respects.

2. The District is ordered to serve responses to Thompson's Third Set of Requests for Admission (RFAs 41–76) and to the non-withdrawn RFAs in Thompson's Seventh Set of Requests for Admission within THIRTY (30) days of this order. All responses must use Thompson's labeling and numbering as served.

3. Thompson's motions embedded in Dkt. No. 219 are DENIED.

ORDER - 7

Dated this 31st day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 8