UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>                    Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Defendant Mukilteo School District No. 6's ("Mukilteo" or "District") Motion to Quash Subpoenas Directed to Defendant's Legal Counsel, Dkt. No. 214, and Plaintiff Rosa Maria Cabrera Thompson's opposition and "cross-motion to compel," Dkt. No. 228. Thompson has served four subpoenas to produce documents—one on the District's current litigation counsel and three on the District's former counsel. For the reasons stated below, the motion is GRANTED IN PART.

ORDER - 1

## 2.  BACKGROUND

Thompson is a former assistant principal at Kamiak High School within the Mukilteo School District. She resigned in October 2023 after filing an EEOC charge of discrimination and retaliation. The parties executed an EEOC Settlement Agreement (October 26, 2023) and a Separation Agreement (October 16, 2023), under which the District agreed to provide only neutral employment references and to cease all investigations into Thompson. Dkt. No. 111 at 3. Thompson alleges that the District, acting through its agents—including its attorneys—violated these agreements by providing unauthorized negative references to prospective employers across Washington. She alleges that these unauthorized reference contacts derailed her chances at new employment.

On November 19 and December 2, 2025, Thompson served subpoenas for documents on four of the District's current and former law firms, Patterson Buchanan Fobes & Leitch, P.S. ("PBFL"), K&L Gates LLP, Keating Bucklin & McCormack, P.S. ("KBM"), and Stokes Lawrence, P.S. Dkt. No. 214. PBFL presently represents the District in this matter. K&L Gates represented the District during Thompson's 2023 EEOC complaint. KBM represented the District with respect to Thompson's initial complaints of discrimination. Stokes Lawrence was retained to investigate Thompson's initial 2023 allegations of wrongdoing by Mukilteo. Dkt. No. 214 at 2. The subpoenas are substantially identical, and each contain 38 requests for documents. *See generally,* Dkt. No. 214.

The District moves to quash all four subpoenas. Dkt. No. 214. Thompson opposes and has filed a cross-motion to compel. Dkt. No. 228.

ORDER - 2

### 3.  DISCUSSION

**3.1    Standing.**

The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. *See Cal. Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). The attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The work product doctrine, protects from disclosure "documents and tangible things prepared by a party or [its] representative in anticipation of litigation." *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004) (citation omitted).

Thompson argues that the District lacks standing to challenge the subpoenas directed to the three nonparty former law firms. The Court disagrees. The subpoenas demand that the nonparty law firms produce materials squarely within the scope of their legal representation of the District—client files, attorney communications, legal memoranda, and similar materials. The privilege over these documents belongs in whole or in part to the District. *See Pierce v. Peters*, No. 3:21-CV-1693-JR, 2025 WL 3238262, at *3 (D. Or. Nov. 19, 2025). Because the subpoenas seek materials over which the District holds the privilege, the District has standing to challenge them.

ORDER - 3

**3.2    Rule 45.**

Under Rule 45(a)(1)(D), a party may serve a subpoena commanding a nonparty to produce materials. *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017). But the party issuing the "subpoena 'must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" *HarVest Bank of Md. v. Countrywide Home Loans, Inc.*, No. C10-714, 2010 WL 11527320, at *1 (W.D. Wash. June 16, 2010) (quoting Fed. R. Civ. P. 45(c)(1)). The court must quash or modify a subpoena that requires disclosure of privileged or protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). The court must also quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv).  "An undue burden exists where the burden or expense of discovery 'outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *HarVest Bank*, 2010 WL 11527320, at *1 (quoting Fed. R. Civ. P. 26(b)(2)); *see Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2006) (describing factors to be considered when determining whether a subpoena imposes an undue burden on a non-party). Courts give special weight to the burden on nonparties. *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

ORDER - 4

### 3.3    The subpoenas.

The Court has reviewed each of the approximately 38 requests across all ten sections of the subpoenas. The overwhelming majority seek materials that are privileged, irrelevant, overbroad, or some combination of the three.

Many requests facially call for attorney-client communications or work product—complete, unredacted client files (Section A, Request 1); all internal legal memoranda and communications between the firms and the District regarding Thompson (Section J, Request 5); draft versions of the investigation report and discussions about the "legality" of submitting it to the EEOC (Section C, Requests 12–15); and joint defense and common interest agreements (Section I). These are quashed.[1] *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Many other requests are untethered to Thompson's claims—bank account numbers (Section B, Request 10); names of billing personnel (Section B, Request 11); bar complaints against any firm attorney since 2022 (Section G, Request 26); phone service provider information (Section F, Request 23); organizational charts (Section E, Request 20); retainer agreements with any Washington school district (Section B, Request 8); documents and communications concerning insurance coverage, indemnification, or billing (Section D, Request 17); and all documents concerning the firms' representation of "any school district" in any EEOC,

---

[1] Thompson again argues that the crime-fraud exception overrides privilege protections. Dkt. No. 228 at 9. The Court has addressed this argument twice before. *See* Dkt. Nos. 158, 211. Thompson has not made the prima facie showing required to invoke the exception. *See United States v. Doe (In re Grand Jury Investigation),* 810 F.3d 1110, 1113 (9th Cir. 2016).

ORDER - 5

whistleblowing, or retaliation matter (Section H, Request 29). These are irrelevant and disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1).

Still others are so sweeping in scope—requesting "all documents and communications" with entire categories of entities, without temporal limits—that compliance would impose an undue burden on these nonparty firms. PBFL, for example, specializes in school-district defense; compliance with Section D and H alone would require searching the firm's files across its entire client base. Fed. R. Civ. P. 45(d)(3)(A)(iv).

The subpoenas are thus quashed in their entirety except as to two narrow categories of documents identified below.

**3.4    Two categories survive.**

Although most of the requests are quashed, the Court identifies two narrow categories that are relevant to Thompson's claims, proportional to the needs of the case, and, at least on their face, do not implicate a privilege.

First: communications with third-party school districts or prospective employers about Thompson. Thompson's core claim is that the District, acting through its agents—including counsel—violated the October 2023 settlement and separation agreements by providing unauthorized negative references to prospective employers. Several requests in the subpoenas reach this category, including portions of Section A, Request 2 ("All documents and communications, including those with any … third party, that reference the Plaintiff…"), Section A, Request 4 ("All documents and communications with ANY school district"), and

ORDER - 6

Section H, Request 30 ("All documents and communications concerning the sharing of information between districts about 'problematic' or 'litigious' employees"). To the extent they encompass communications between a subpoenaed firm and a third-party school district or prospective employer about Thompson, those communications are not attorney-client communications—they are outward-facing actions that Thompson alleges caused her harm.

The subpoenas as to this category are modified as follows: production is limited to communications between the subpoenaed firms and third-party school districts or prospective employers that reference Thompson, from October 2023 to the present.

Second: documents actually submitted to the EEOC on behalf of the District concerning Thompson. Thompson alleges that in April 2024, counsel submitted to the EEOC a position statement and an investigation report that was barred by the cease-investigation clause of the separation agreement. *See* Dkt. Nos. 229-2 and 229-12. Section C, Request 16 of the subpoenas seeks "[a]ll documents submitted to the EEOC on behalf of any client related to the Plaintiff, including all position statements, exhibits, and supplemental filings." Documents that were actually filed with or submitted to the EEOC were voluntarily disclosed to a third party and can no longer be shielded on confidentiality grounds.

The subpoenas as to this category are modified as follows: production is limited to final documents submitted to the EEOC on behalf of the District concerning Thompson, from October 2023 to the present. Internal drafts,

ORDER - 7

communications about strategy, and other work product related to the EEOC proceedings remain quashed and off limits.

The Court emphasizes the narrowness of this ruling. It does not require production of attorney-client communications, internal legal memoranda, litigation strategy documents, or work product. If any producing party contends that specific documents within these two narrow categories are nonetheless privileged, it may say as much on a privilege log.

### 3.5    Thompson's cross-motion to compel.

Thompson's cross-motion to compel, found in her opposition brief, is DENIED without prejudice. A cross-motion to compel embedded in an opposition brief does not comply with the Local Civil Rules' requirements for separate motions. *See* LCR 7(b). And her motion lacks the required meet-and-confer certification. *See* LCR 37(a)(1). Either defect independently warrants denial.

## 4.   CONCLUSION

Accordingly, the Court orders the following:

1.  The District's motion to quash, Dkt. No. 214, is GRANTED IN PART.

2.  Thompson's subpoenas are QUASHED except as to: (a) communications between any subpoenaed firm and third-party school districts or prospective employers that reference Thompson, from October 2023 to present; and (b) final documents submitted to the EEOC on behalf of the District concerning Thompson, from October 2023 to present.

ORDER - 8

3. To the extent any subpoenaed firm withholds responsive documents within these two surviving categories on privilege grounds, it MUST provide a privilege log consistent with Fed. R. Civ. P. 45(e)(2)(A).

4. The subpoenaed firms MUST produce responsive documents within these two categories no later than THIRTY (30) days from the date of this order.

5. Thompson's motion to compel, Dkt. No. 228, is DENIED.

Dated this 8th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 9