UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT |

This matter comes before the Court on pro se Plaintiff Rosa Maria Cabrera Thompson's motion for leave to file a third amended complaint. Dkt. Nos. 273, 280. Defendant Mukilteo School District No. 6 ("Mukilteo" or "the District") opposes the motion. Dkt. No. 283. Mukilteo challenges only one of the five factors that govern leave to amend—futility—and only as to a single proposed claim. Because the District has not shown that amendment would be futile, the Court GRANTS Thompson leave to amend. But the Court DENIES leave to add the civil RICO claim that Thompson raised for the first time in her reply, for the reasons explained below.

Thompson has already amended her complaint once as a matter of course, so she "may amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Mukilteo does not consent, Thompson needs the Court's leave.

Under the Federal Rules, "[t]he court should freely give leave [to amend] when justice so requires." *Id.* "The Supreme Court has stated that 'this mandate is to be heeded.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That liberality applies with special force to pro se plaintiffs, who are "[p]resumably unskilled in the law" and thus "far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Id.* at 1131. Still, the standard has limits. A court must ask whether "the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). And leave may be denied where the "amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

Thompson's proposed amendments fall into four groups: (1) a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1983 and § 1985(3); (2) race discrimination and retaliation claims under federal and state law; (3) a claim under the Washington Public Records Act, RCW 42.56; and (4) a *Monell* claim under 42 U.S.C. § 1983. She also seeks to add new facts and evidence supporting her existing claims. No. 273 at 5–6.

Mukilteo's opposition is narrow. It challenges only the conspiracy claim, arguing that amendment would be futile because Thompson cannot plead a conspiracy to interfere with civil rights. Thompson responds that Mukilteo's silence on the other *Foman* factors—bad faith, undue delay, and prejudice—is itself reason to grant leave. That does not follow, however, as "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). So futility is where the Court focuses its analysis.[1]

To state a cause of action for a civil rights conspiracy, Thompson must allege: (1) a conspiracy; (2) to deprive a person or class of persons of the equal protection of the laws; (3) an act done by one of the conspirators in furtherance of the conspiracy; and (4) deprivation of a right or privilege of a United States citizen. *Gillispie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980). The proposed TAC alleges that Simone Neal, Shannon Ragonesi, and Dr. Tarance Hart agreed to sabotage Thompson's post-settlement job prospects at Seattle Public Schools, and that they did so because of her race, gender, and protected civil rights activity. Dkt. No. 280 at 39–40.

Mukilteo's argument is mostly about proof. It contends that Thompson cannot demonstrate an agreement, that nothing supports one, and that the calls and emails she identifies would not let a factfinder find a conspiracy. But the question for now is whether Thompson has pled a plausible claim, not whether the claim will ultimately survive. The Court takes her well-pleaded allegations as true,

[1] One point in the opposition needs clearing up before turning to that question. Mukilteo asserts that the proposed TAC "seeks to add 25 new defendants." Dkt. No. 283 at 3. But the TAC proposed here names no new defendants. Dkt. No. 280 at 4. The Court proceeds on that understanding.

and it reads her pro se pleading liberally. Thompson may well lose this claim at summary judgment, and nothing here forecloses a later challenge to it. But the Court will not declare the claim futile as pled. To the extent Thompson's theory rests on matters she says are deemed admitted under Federal Rule of Civil Procedure 36(a)(3), the Court does not rely on that premise, and granting leave does not endorse it. With futility off the table and the remaining *Foman* factors unopposed, the Court GRANTS Thompson leave to amend.

One proposed claim does not make it in, though, and for a different reason. Thompson asked, in her reply, for leave to file a corrected pleading adding a new count—Count Fourteen, a civil RICO claim under 18 U.S.C. § 1962(c). Dkt. No. 284-1. That claim did not appear in the proposed third amended complaint she filed with her motion, and Mukilteo's opposition responded to the motion it had and the relief it requested. A reply is not the place to raise a new claim, and Mukilteo has had no chance to address this one. The Court therefore DENIES leave to add Count Fourteen.

Lastly, Thompson's reply brief is too long. A motion for leave to amend is a 21-day motion, LCR 7(d)(3), and a reply on such a motion may not exceed 2,100 words, LCR 7(e)(3). Thompson certifies that her reply runs to roughly 5,000 words—more than twice the limit. Dkt. No. 284 at 21. She did not seek leave to file an over-length brief under LCR 7(f). The Court has reminded Thompson before to follow the Local Civil Rules, and it will not overlook the limit again—thus, the Court does not consider any part of the reply beyond the 2,100-word cap. *See* LCR 7(e)(6).

In sum, the Court GRANTS Thompson's motion for leave to amend, except that it DENIES leave to add Count Fourteen. The Court DIRECTS Thompson to "file and serve the amended pleading on all parties within fourteen (14) days of the filing of [this] order." See LCR 15(a). Thompson's amended filing must be identical to her proposed complaint at Dkt. No. 280. Once Thompson has filed her amended complaint, the Court DIRECTS the District to file a responsive pleading within SIXTY (60) days.

Dated this 22nd day of July, 2026.

Jamal N. Whitehead
United States District Judge