UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO PREVENT DEEMED ADMISSIONS AS TO IMPROPER REQUESTS FOR ADMISSION AND DIRECTING DEFENDANT TO SHOW CAUSE |

## 1. INTRODUCTION

For the second time, Defendant Mukilteo School District No. 6 ("District") has missed the deadline to answer Plaintiff Rosa Maria Cabrera Thompson's Seventh Set of Requests for Admission (RFAs). The first time, the Court relieved the District of the resulting admissions and gave it 30 more days to respond. Dkt. No. 262. The District missed that deadline too, and it now asks for relief again. Dkt. No. 288.

The Court GRANTS the motion. The RFAs at issue ask the District to admit fraud, retaliation, discrimination, and a crime—those questions should be decided on the evidence, not by default. But the District has no good excuse for missing a

deadline the Court set to cure its first default. So the Court also ORDERS the District and its counsel to show cause why they should not pay the expenses Thompson incurred in opposing this motion.

## 2. BACKGROUND

After the District failed to answer Thompson's Seventh Set of RFAs on time, the Court permitted withdrawal of the resulting admissions and ordered the District to serve responses within 30 days. Dkt. No. 262 at 4–7. Those responses were due April 30, 2026. Dkt. No. 288 at 2. The District served them 12 days late. *Id*. It "accepts responsibility for this oversight," explaining that an attorney on the case left for another firm and that, in the handoff, the Seventh Set "fell through the cracks," and that "regrettably, the deadline applicable to the Seventh Set of RFAs was inadvertently overlooked." *Id*. Thompson rejected the late responses. By then she had cited the admissions in supplemental disclosures, in her Third Amended Complaint here and in a related case, and in a motion for partial summary judgment, and she had planned depositions around them. *Id*. at 3, 11–12. The Court has since struck that motion without prejudice. Dkt. No. 281.

The District now asks the Court not to treat as admitted thirteen RFAs that, it says, improperly seek admissions of liability or legal conclusions: RFAs 28, 29, 30, 31, 54, 55, 56, 57, 58, 59, 60, 61, and 64. Dkt. No. 288 at 3–6. It discusses other RFAs as background for its arguments, but it seeks no relief as to any other RFA, and this order addresses no others.

## 3. LEGAL STANDARD

Under Rule 36(a)(3), a matter is admitted unless the responding party serves a written answer or objection within 30 days. The rule is self-executing. Fed. R. Civ. P. 36(a)(3). Once admissions attach, the Court may permit withdrawal or amendment under Rule 36(b) if two conditions are met: (1) withdrawal would promote the presentation of the merits, and (2) the Court is not persuaded that withdrawal would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 621–22 (9th Cir. 2007); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The requesting party bears the burden of showing prejudice. *Hadley,* 45 F.3d at 1348. The Court has broad discretion in managing discovery and may consider the totality of the circumstances. *Conlon*, 474 F.3d at 622.

## 4. DISCUSSION

### 4.1 None of the parties' procedural objections bars a ruling on the merits.

Thompson argues that because the District missed a court-ordered deadline, it had to show excusable neglect under Rule 6(b)(1)(B) before the Court could reach Rule 36(b). Dkt. No. 291 at 4–6. Not so. Rule 36(a)(3) itself contemplates court-ordered deadlines, and the remedy for missing one is withdrawal under Rule 36(b)—the path the Court took after the District's first default. Thompson's lead authority concerned more time to file a summary judgment opposition, not deemed

admissions. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

Thompson also argues that the District failed to meet and confer. Dkt. No. 291 at 6. The District answers that LCR 37(a)(1) reaches only motions to compel, Dkt. No. 299 at 3, and the rule's text supports that reading. But the District ignores the Court's warning, after its last motion on these same RFAs, that "future discovery motions filed without proper conferral certification may be denied without reaching the merits." Dkt. No. 262 at 6. The District should have heeded it. Still, the warning said "may," and denying the motion on this ground would leave in place admissions that the District committed fraud and a crime because of a procedural misstep, not proof.

Thompson's remaining procedural arguments fail. The missing noting date has been cured. Dkt. No. 299 at 4. And she cites no authority holding that a party forfeits Rule 36(b) relief by answering an amended complaint or by not objecting to the RFAs when the Court entered its prior order. Dkt. No. 291 at 8–10. For its part, the District asks the Court to strike Thompson's declaration, filed one day after her brief. Dkt. No. 299 at 2–3. The delay caused no prejudice, and the request is DENIED. The Court has considered Thompson's surreply only insofar as it responds to that request.

**4.2 The District's objections to the RFAs come too late.**

The District's lead argument is that the RFAs improperly demand concessions of liability and legal conclusions. Dkt. No. 288 at 22–23. The Court need

not decide whether each one crosses that line. A party that thinks a request is improper protects itself by objecting or denying in a timely response, *see Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981), and the District did neither. Rule 36(a)(3) has no exception for improper requests, and the Ninth Circuit has treated deemed admissions on ultimate issues as binding unless withdrawn under Rule 36(b). *See Hadley*, 45 F.3d at 1348; *Conlon*, 474 F.3d at 622. The District's reply argument that it denied similar RFAs in earlier sets doesn't help it. Rule 36 operates request by request, and the Court ordered answers to this set. Dkt. No. 262 at 7. The question is whether to permit withdrawal.

**4.3 Withdrawal is warranted, even though the District has no good excuse for its default.**

Both of Rule 36(b)'s conditions favor withdrawal, beginning with the merits. The first condition is met "when upholding the admissions would practically eliminate any presentation of the merits of the case." Hadley, 45 F.3d at 1348. These RFAs ask the District to admit that submitting an investigation report to the EEOC was retaliatory, negligent, fraudulent, discriminatory, and a crime, and that its communications with Seattle Public Schools were "coordinated retaliation." Dkt. No. 288 at 3–6. Letting those admissions stand would answer central liability questions without evidence. Thompson says the admissions match her record. Dkt. No. 291 at 11. Perhaps. But that is a reason to try the merits, not to skip them.

Nor has Thompson shown that withdrawal would prejudice her. Rule 36(b) prejudice "is not simply that the party who obtained the admission will now have to convince the factfinder of its truth." *Hadley*, 45 F.3d at 1348 (citation modified). It

concerns added difficulty in proving one's case, such as lost witnesses or a sudden need for evidence. *Id*. Thompson's reliance does not fit that description. Relying on deemed admissions in a summary judgment motion "does not constitute prejudice," *Conlon*, 474 F.3d at 624, and citing them in pleadings and disclosures is further still from the harm the rule guards against. Besides, Thompson's summary judgment motion has since been stricken. The Ninth Circuit has also rejected a claim of prejudice based on a deposition narrowed in reliance on deemed admissions. *Hadley*, 45 F.3d at 1349. Thompson can still take her depositions and pursue these facts through discovery.

Timing confirms this point. The *Conlon* plaintiff relied on the admissions for two and a half months, through the discovery and dispositive-motion deadlines, and the court ruled eight days before trial. 474 F.3d at 624. Thompson has had the District's answers since mid-May, and they should not surprise her—as she notes, the District denied similar RFAs in earlier responses. Dkt. No. 291 at 11. The case schedule has also been continued. Dkt. No. 292. Thus, withdrawal only costs Thompson a tactical advantage, not the ability to prove her claims.

But meeting both conditions does not end the inquiry, because the Court may also consider whether the District has shown good cause for its delay. *Conlon*, 474 F.3d at 625. It has not. The District's account of a departing attorney explains how the deadline was missed, but not why the Court should overlook the lapse. Especially when the deadline came from an order relieving the District of its first default on these very RFAs. The District is represented by a firm with several attorneys on this case, and attorney departures are a routine part of practice. The

Court makes allowances for procedural missteps by Thompson, who represents herself, but it is harder to make allowances for counsel, least of all under a second deadline set to cure the first.

Even so, the Court will permit withdrawal. Rule 36 exists to narrow undisputed issues, not to resolve disputed ones by default. *See Conlon*, 474 F.3d at 622. The better course is to decide liability on the merits and to place the cost of the District's default where it belongs. *See Mid Valley Bank v. N. Valley Bank*, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991) (permitting withdrawal while requiring the defaulting party to pay its opponent's fees in opposing the motion).

### 4.4 The District must show cause why it should not pay Thompson's expenses.

When a party fails to obey a discovery order, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The District did not comply with the Court's order to respond within 30 days, and Thompson has had to oppose a second motion for relief on the same RFAs, so a sanction is warranted here. But the District and its counsel are entitled to be heard first.

## 5. CONCLUSION

Accordingly, the Court ORDERS the following:

1. The District's motion, Dkt. No. 288, is GRANTED. The deemed admissions to RFAs 28, 29, 30, 31, 54, 55, 56, 57, 58, 59, 60, 61, and 64 in Thompson's Seventh Set of Requests for Admission are WITHDRAWN. The District's answers to those RFAs, served on May 12, 2026, will stand as its responses.
2. Within FOURTEEN (14) days of this order, Thompson may file a declaration, without argument, itemizing the reasonable expenses, including her time spent opposing the motion.
3. Within TWENTY-ONE (21) days of this order, the District must SHOW CAUSE in writing why the Court should not order them to pay Thompson's expenses. Their response may also address the reasonableness of any amount Thompson claims. No reply may be filed.
4. The District's request to strike Thompson's declaration is DENIED.
5. Thompson's remaining requests for relief are DENIED.

Dated this 23nd day of September, 2026.

Jamal N. Whitehead
United States District Judge