UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL COMPLIANCE WITH COURT-ORDERED SANCTIONS PAYMENT |

In February, the Court sanctioned Defendant Mukilteo School District No. 6 ("District") and counsel for nonparty witness Holly Morgenthaler for impeding Morgenthaler's deposition. Dkt. No. 243. It ordered them to "split the full cost of the court reporter fees and related expenses" for that deposition. *Id*. at 5. The vendor's $1,132.50 invoice came due on March 13, 2026. Dkt. No. 321 at 3. It went unpaid for more than five months.

Plaintiff Rosa Maria Cabrera Thompson now asks the Court to compel payment, redirect it to her, increase the sanction, and award her expenses. *Id*. at 7. The District and Morgenthaler (together, "Respondents") concede that the "invoice

went unpaid until recently[.]" Dkt. No. 328 at 1. They blame an administrative oversight that followed the departure of the attorney handling the payment from the District's law firm. *Id.* at 1, 3. They say a check was mailed to the vendor on August 21 and cleared on August 25. *Id.* at 4–5.

That explanation accounts for the delay, but it does not excuse it, as Respondents concede. *Id.* at 3. Nor is this the first lapse of its kind. This is at least the third time an administrative failure on the District's side has led to noncompliance with the rules or a Court order. *See* Dkt. No. 216 at 4–6; Dkt. No. 356. Staff turnover is a routine part of law practice. Compliance with the Court's orders cannot depend on it, and the Court will not treat further lapses as oversight.

Still, the Court declines to impose further sanctions, in part because of the timing of this motion. On August 17, Thompson asked counsel to confirm payment. Dkt. No. 321 at 3. Counsel replied that afternoon that payment had been remitted and that she would "advise once I have any additional information." Dkt. No. 328 at 4. Thompson answered that the vendor had no record of payment and asked for proof. Dkt. No. 321 at 4. She filed this motion two days later, before counsel responded. *Id.* The check went out two days after that. Dkt. No. 328 at 4–5. On this record, the Court declines to increase the sanction or redirect payment.

Two issues remain, however. First, the record does not show that the full invoice has been paid. Respondents' brief says it has, but their declarations describe the check as Patterson Buchanan's "share," and their proof of payment shows no amount. Dkt. No. 330 ¶ 8; Dkt. No. 329 ¶ 10. Respondents themselves propose

payment to the vendor "with proof filed." Dkt. No. 328 at 8. The Court will require that proof.

Second, the Court ordered the District and Morgenthaler's counsel to bear the full cost of the court reporter fees and related expenses. Dkt. No. 243 at 5. If the vendor has charged a late fee or other penalty because of the delay, that charge is part of that cost. Thompson should not bear it.

Accordingly, the Court ORDERS:

1. Thompson's motion, Dkt. No. 321, is GRANTED in part.

2. Within SEVEN (7) days of this order, Respondents must file a declaration showing that Depositions by Filevine has received the full $1,132.50 and applied it to the invoice for the January 29, 2026, deposition. The declaration must be supported by a vendor receipt or equivalent payment record showing the amount, date, and payee. If any portion remains unpaid, Respondents must pay it and file proof of payment within the same period.

3. If the vendor has charged or later charges a late fee, interest, or other penalty on that invoice because of the late payment, Thompson may file a declaration attaching the vendor's invoice or statement within THIRTY (30) days of this order. Within FOURTEEN (14) days of that filing, the District and counsel for Morgenthaler must pay the charge and file proof of payment. They must pay the vendor directly, or pay Thompson if she has already paid the charge.

4. Thompson's remaining requests for relief, and Respondents' request for sanctions against Thompson, are DENIED.

Dated this 23rd day of September, 2026.

Jamal N. Whitehead
United States District Judge