UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING IN PART WSRMP'S MOTION TO QUASH |

## 1. INTRODUCTION

This matter comes before the Court on nonparty Washington Schools Risk Management Pool's ("WSRMP") motion to quash a deposition and document subpoena that pro se Plaintiff Rosa Maria Cabrera Thompson served on it. Dkt. No. 334. For the reasons stated below, the Court GRANTS in part and DENIES in part the motion to quash.

## 2. BACKGROUND

In December 2025, Thompson served a document subpoena on WSRMP, a nonparty governmental risk pool, and WSRMP objected. Dkt. Nos. 335 ¶ 4; 335-1 at

2. WSRMP also told Thompson that its file contained privileged materials it would not produce and that Origami Risk is a separate entity outside its control. Dkt. Nos. 335 ¶ 3; 335-3. WSRMP then produced documents in seven installments between May and July 2026. *See* Dkt. No. 335-2 at 2.

In August 2026, Thompson served a deposition and document subpoena on WSRMP. Dkt. Nos. 320, 324. The subpoena requests a Rule 30(b)(6) deposition on thirteen topics. Dkt. No. 320-1 at 1–4. It also seeks production of the following documents:

> The complete engagement file for the retention of attorney Shannon Ragonesi, including the retainer agreement, scope-of-engagement memoranda, and any conflict-check documentation. All Origami Risk journal entries, notes, flags, or risk designations referencing Plaintiff, including access logs showing which individuals, districts, or third parties viewed, created, or edited any such entry.

Dkt. No. 320-2.

## 3. DISCUSSION

Under Rule 45(a)(1)(D), a party may serve a subpoena commanding a nonparty to appear for a deposition and to produce materials. *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017); *HarVest Bank of Md. v. Countrywide Home Loans, Inc.*, No. C10-714, 2010 WL 11527320, at *1 (W.D. Wash. June 16, 2010). The court must quash or modify a subpoena that requires disclosure of privileged or protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). The court must also quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv).

Courts give special weight to the burden on nonparties. *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

**3.1 Preliminary issues do not prevent a ruling on the merits.**

First, Thompson argues the Court cannot quash an instrument that isn't part of the record because WSRMP didn't file the subpoena or Schedule A itself. Dkt. No. 341 at 9. But Thompson filed both documents on this Court's docket in August 2026, Dkt. Nos. 320, 324, and no one disputes their accuracy. The Court considers them as part of the record.

Second, Thompson's opposition brief again does not certify the word count, and it likely exceeds the 4,200-word limit for 21-day motions. *See* LCR 7(e)(3). In July, the Court warned Thompson that it would not overlook the limit again. Dkt. No. 312 at 4. So the Court has considered her opposition only up to the 4,200-word limit. WSRMP's motion also lacks a word-count certification, and both sides must comply with LCR 7(e) going forward. Thompson also moved for leave to file a surreply and filed one. Dkt. Nos. 351, 352. The Court considers the surreply only insofar as it asks the Court to strike WSRMP's supplemental declaration, Dkt. No. 350, and it DENIES that request. *See* LCR 7(g). The declaration's only exhibit is Thompson's own deposition notice, so its late filing doesn't prejudice her.

Third, due to "a clerical error," WSRMP failed to attach the deposition notice referenced in its sworn declaration. Dkt. No. 350 ¶ 2. The Court has considered the supplemental declaration, but it cautions that future "clerical errors" by experienced counsel may lead the Court to disregard supplemental filings.

**3.2 Facial defects do not require the Court to quash the entire subpoena.**

WSRMP first argues that two facial defects require the Court to quash Thompson's subpoena: 1) that she did not tender a witness fee and 2) that she did not list a sufficient date, time, or place. Dkt. No. 334 at 4.

Under Rule 45(b)(1), a party serving a subpoena that requires attendance must tender "the fees for one day's attendance and the mileage allowed by law" at the time of service. *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983). The proof of service here shows that Thompson tendered no witness fee or milage. Dkt. No. 324. The $50 listed there was the process server's fee. Dkt. No. 350 ¶ 7. And because the fees must accompany service, Thompson cannot cure this defect by tendering them later. *See CF & I Steel*, 713 F.2d at 496. But given Thompson's pro se status, the Court will not quash the subpoena outright on this basis. WSRMP has not suggested it "suffered [any] prejudice from the violation of Rule 45(b)(1)" for a remote deposition. *See Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 WL 1915746, at *2 (N.D. Cal. May 8, 2013). Instead, as explained below, Thompson may serve an amended subpoena, and she must tender the fees when she serves it.

WSRMP also argues that the subpoena did not specify a date, time, and place because it listed only "Zoom" for the location and "TBD" for the date and time. Dkt. No. 334 at 4. The Court agrees that "Zoom" is not a specific place of compliance under Rule 45(a)(1)(A)(iii). *See Prima Air Grp. LLC v. Prero*, No. 2:23-CV-09773-FLA-SSC, 2025 WL 1416230, at *4 (C.D. Cal. Mar. 12, 2025). And "TBD" is not a date or time. But WSRMP again points to no prejudice from a remote deposition

that Thompson agrees can take place at WSRMP's office in Tukwila, around fifteen miles from the Seattle courthouse. So given Thompson's pro se status, the Court will allow her to serve an amended subpoena that tenders the witness fee and mileage, names a physical address within 100 miles of where WSRMP's regularly transacts business in person, and states a deposition date agreed upon by Thompson and WSRMP. *See Vega v. Soto*, No. 1:22-CV-000471-JLT-EPG (PC), 2024 WL 3317428, at *3 (E.D. Cal. June 14, 2024). Alternatively, Thompson and WSRMP may agree to proceed with a remote Rule 30(b)(6) deposition at an agreed-upon location and time.

**3.3 The deposition subpoena does not impose an undue burden.**

WSRMP argues the deposition subpoena must be quashed because the topics Thompson lists "impose[] an undue burden on a non-party." Dkt. No. 334 at 5. "An undue burden exists where the burden or expense of discovery 'outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *HarVest Bank*, 2010 WL 11527320, at *1 (quoting Fed. R. Civ. P. 26(b)(2)).

WSRMP concedes that "certain subjects may bear on Plaintiff's claims," but it takes issue with five specific topics: WSRMP's entire governance (Request 6), its panel-counsel fee arrangements (Request 12), the funding and direction of defense funding for WSRMP and its member entities (Request 7), its claim reserves (Request 9), its relationships with SIAW and USIP (Request 11), its

communications with roughly 175 districts (Request 4), and its general, claim independent practices (Request 9). *Id.* (citing Dkt. No. 320-1).

WSRMP argues that these topics are "an unfocused fishing expedition disproportionate to a single-defendant employment case[.]" *Id.* (quoting *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604 (W.D. Wash. 2013)) (citation modified). But WSRMP doesn't explain why these topics are "unfocused," "disproportionate," or "overbroad." As Thompson points out, WSRMP doesn't identify the number of designees needed, the volume of material involved, or any estimate of the cost or time to prepare. Dkt. No. 341 at 16. Such "[b]oilerplate assertions of burden or expense do not suffice." *In re BofI Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2021 WL 1812822, at *10 (S.D. Cal. May 6, 2021) (citing Fed. R. Civ. P. 26 advisory committee notes to 2015 amendments). And *Cabell* is different. Discovery there was limited to jurisdictional issues only, and the defendant's motion for a protective order explained why specific requests were irrelevant or overbroad. 294 F.R.D. at 608.

WSRMP also asserts that "[a] facially excessive notice itself is unduly burdensome," but it doesn't explain how a 13-topic notice is excessive. Dkt. No. 334 at 5 (citing *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103 (D. Nev. 2023), *aff'd sub nom. Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 222CV00438CDSNJK, 2023 WL 5035323 (D. Nev. Aug. 4, 2023)). Nor could it as WSRMP's own cited authority involved "a staggering 68 topics." *Id.* at 109.

Thompson is entitled to a Rule 30(b)(6) deposition of WSRMP, and WSRMP doesn't argue otherwise. As Thompson contends, the topics are relevant to her

allegations that WSRMP coordinated with the District to manage her employment applications and communicate with other school districts. But that relevance runs only as far as Thompson herself. WSRMP's governance, reserves, fee arrangements, and communications on matters unrelated to her don't bear on those allegations. So as WSRMP alternatively requested, Dkt. No. 334 at 7, the Court modifies the topics: each is limited to matters concerning Thompson, her claim, and the retention and direction of counsel on her matter. WSRMP may object to specific questions at the deposition, including on the basis of privilege, but it may instruct its designee not to answer only as Rule 30(c)(2) allows.

### 3.4 The document subpoena must be quashed in part.

WSRMP also argues that the request for Shannon Ragonesi's "complete engagement file" must be quashed because producing these documents would require disclosing privileged "attorney-client" and "work product" documents. Dkt. Nos. 334 at 5; 320-2. In support, WSRMP points to an order in Thompson's *separate* case partially quashing a subpoena for *different* document requests on the basis of privilege. *See Thompson v. Seattle Pub. Schs.*, No. 2:25-CV-00468-TL, 2026 WL 879123, at *4 (W.D. Wash. Mar. 31, 2026) (quashing request for communications "between MSD employees and Shannon Ragonesi" on the basis of attorney–client privilege but declining to quash "material relating to or mentioning Ragonesi.") (citation modified). That order doesn't decide the request here.

"[C]ommunications between attorney and client [about] . . . the identity of the client, the amount of the fee, the identification of payment by case file name, and

the general purpose of the work performed are usually not protected[.]" *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). But "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided . . . fall within the privilege." *Id.* The Court agrees that a request for Ragonesi's "complete engagement file" seeks privileged information, including scope-of-engagement documents that go directly to litigation strategy. *See id.* Thompson presents no evidence that any privileged information was actually disclosed at any "Roundtable Discussion" in a way that would waive the privilege. And while the Ninth Circuit has held that retainer agreements identifying only the client, payment, and purpose of the work are not privileged, *see Ralls v. United States,* 52 F.3d 223, 225 (1995), it has also held that "letters of consultation and retainer agreements describing the intended scope of the attorney-client relationship, billing records describing the services performed for his clients and the time spent on those services" are privileged. *See In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992).

Most of this request seeks privileged material, so it is QUASHED, except as to documents showing when WSRMP retained Ragonesi on Thompson's matter and identifying the client, the payment, and the general purpose of the work. Where a document in those categories also contains privileged material—a retainer agreement describing the scope of the engagement, for example—WSRMP must produce it with the privileged material redacted and must describe each redaction

in a privilege log. *See* Fed. R. Civ. P. 45(e)(2)(A). The same goes for any conflict-check documentation. The Court *may* review disputed redactions in camera.

WSRMP also argues that Thompson's request for Origami Risk records must be quashed because Origami Risk is a separate entity outside WSRMP's control, and it cannot be made to create access logs that don't already exist. Dkt. Nos. 334 at 6; 320-2. Thompson argues the record suggests WSRMP does control the documents and information at issue. Dkt. No. 341 at 2–3. She points to WSRMP's contract with Origami Risk and discovery responses from a nonparty school district suggesting that member districts access Origami Risk through WSRMP. *Id.*; Dkt. No. 342-1 at 38–46, 52–53. WSRMP counters that the contract shows Origami, not WSRMP, "owns all right, title and interest" in its software and service, and that the nonparty school district's discovery responses show that "Plaintiff was not located in the Origami Risk platform." Dkt. No. 349 at 6.

On this record, the Court finds that the Origami entries about Thompson are within WSRMP's control. WSRMP doesn't dispute that its contract makes it responsible for assigning user permissions and gives it ownership of the data entered into the platform. *See* Dkt. No. 341 at 4–5. Origami's ownership of its software doesn't change who owns and controls that data. And the nonparty district's search shows only what that district can see, not what WSRMP can. So WSRMP must produce all Origami Risk journal entries, notes, flags, or risk designations referencing Thompson. As for access logs, WSRMP need not create documents that don't exist. But its assertion that it keeps no such logs appears only in its reply brief. Dkt. No. 349 at 5. WSRMP must therefore either produce any

existing access records for those entries or serve a declaration describing its search and confirming that none exist. Thompson may also ask about these documents at the deposition.

**3.5 The subpoena is not cumulative or duplicative.**

WSRMP argues the deposition must be quashed because the Schedule A topics are cumulative of its claim consultant Holly Morgenthaler's two-session deposition. Dkt. No. 334 at 7. But Thompson does not seek to "re-depose" Morgenthaler. In fact, counsel made clear that Morgenthaler's deposition was *not* a Rule 30(b)(6) deposition. *See* Dkt. No. 335-4 at 63:1–5 (Morgenthaler "is not a 30(b)(6) corporate representative. This was not noted as a 30(b)(6) deposition."). WSRMP cannot now claim that Thompson's Rule 30(b)(6) topics duplicate questions that Morgenthaler, as a fact witness, did not know or could not answer. *See* Dkt. Nos. 334 at 3; 335 ¶ 6; *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) ("any testimony provided by employees as individuals does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity.") (citation modified). This case is unlike *Simmons v. Safeway, Inc.*, No. 18-5522 RJB, 2019 WL 2298688, at *4 (W.D. Wash. May 30, 2019), where the court found Rule 30(b)(6) topics to be duplicative because the responding party had already provided the plaintiff the same information in written discovery and a deposition.

As for the documents, WSRMP argues that Thompson can't use a second subpoena to get around its objections to the first, which she never moved to compel.

Dkt. No. 334 at 6. But the case WSRMP cites holds only that a nonparty who objects need not produce until a court orders it to. *See Pennwalt Corp. v. Durand-Wayland*, Inc., 708 F.2d 492, 494 (9th Cir. 1983). It doesn't bar a later subpoena. And to the extent WSRMP has already produced responsive documents, it need not produce them again; it may identify them by Bates number.

### 3.6 The request for sanctions is denied.

WSRMP argues it is entitled to reasonable expenses in bringing this motion. Dkt. No. 334 at 7. Rule 45(d)(1) allows the Court to sanction a party who fails to avoid imposing an undue burden on the subject of a subpoena. Fed. R. Civ. P. 45(d)(1). Because the Court does not find that the subpoena imposes an undue burden on WSRMP, it DENIES the request for sanctions. And while the subpoena had facial defects, they are curable, and WSRMP identifies no prejudice from them.

## 4. CONCLUSION

Accordingly, the Court ORDERS the following:

1. WSRMP's motion to quash, Dkt. No. 334, is GRANTED IN PART.
2. Within FOURTEEN (14) days of this order, Thompson may serve an amended subpoena that tenders the witness fee and mileage, names a physical place of compliance within 100 miles of where WSRMP regularly transacts business in person, and states a deposition date agreed upon by Thompson and WSRMP. Thompson and WSRMP may instead agree to a remote deposition. If Thompson does not serve an amended subpoena within fourteen days, the subpoena is QUASHED.

3. The Rule 30(b)(6) topics are LIMITED to matters concerning Thompson, as described in Section 3.3.
4. The request for Ragonesi's engagement file is QUASHED except as described in Section 3.4.
5. Within TWENTY-ONE (21) days of service of the amended subpoena, WSRMP MUST produce the documents this order requires, along with any privilege log or declaration described in Section 3.4.
6. WSRMP's request for sanctions is DENIED.
7. Thompson's motion for leave to file a surreply, Dkt. No. 351, is GRANTED IN PART, and her request to strike Dkt. No. 350 is DENIED.
8. Thompson's request to hold this motion in abeyance, Dkt. No. 402, is DENIED as moot.
9. Thompson's motion to compel, Dkt. No. 343, is DENIED as moot to the extent it seeks compliance with this subpoena. The Court will address the rest of that motion in a separate order.

Dated this 12th day of November, 2026.

Jamal N. Whitehead
United States District Judge