UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER |

## 1. INTRODUCTION

This matter comes before the Court on three motions. Pro se Plaintiff Rosa Maria Cabrera Thompson moves to compel nonparty Washington Schools Risk Management Pool ("WSRMP") to sit for a Rule 30(b)(6) deposition and produce subpoenaed documents, to compel nonparty Holly Morgenthaler to answer certified deposition questions, and for sanctions against WSRMP's counsel, Alexis T. Foster, Dkt. No. 343. WSRMP moves to extend its time to respond to that motion. Dkt. No. 365. And Thompson separately moves to compel the deposition of nonparty Shannon Ragonesi, to compel Ragonesi to produce documents, and for an order requiring

Defendant Mukilteo School District No. 6 to show cause. Dkt. No. 337. For the reasons stated below, the Court DENIES both of Thompson's motions and GRANTS WSRMP's extension request.

## 2. BACKGROUND

The Court incorporates the procedural background from its order on WSRMP's motion to quash. *See* Dkt. No. 455 at 1–2. Thompson filed her motion to compel WSRMP on September 13, 2026, along with hundreds of pages of supporting exhibits. Dkt. Nos. 343, 344. WSRMP moved to extend its response deadline, Dkt. Nos. 365, 366, Thompson opposed, Dkt. No. 400, and WSRMP replied, Dkt. No. 406. On October 1, WSRMP opposed Thompson's separate request to hold the motion to quash in abeyance. Dkt. No. 405. That filing was docketed as a response to the motion to compel, and Thompson replied to it, Dkt. Nos. 413, 414; WSRMP filed its actual opposition on October 16, Dkt. No. 432.

Thompson's other motion concerns Ragonesi, a WSRMP panel attorney who represented the District in connection with an investigation of Thompson. *See* Dkt. No. 337 at 4. Thompson moved to compel Ragonesi's deposition on September 5, 2026. Dkt. No. 337. Ragonesi responded on September 23, Dkt. No. 357, and Thompson replied, Dkt. Nos. 360, 361. The District did not respond. The Court held status conferences on October 1 and 8, 2026, to discuss deposition scheduling, among other things. Dkt. Nos. 418, 424. Ragonesi sat for her deposition on October 13. *See* Dkt. No. 454-1 at 89.

## 3. DISCUSSION

### 3.1 Thompson's motion again exceeds the word limit.

Thompson's motion to compel WSRMP again lacks a word-count certification and far exceeds the 4,200-word limit for 21-day motions. *See* LCR 7(e)(3). Her motion to compel Ragonesi's deposition also lacks a certification and appears to exceed the limit. *See* Dkt. No. 337. The Court has warned her about these limits before. Dkt. Nos. 260 at 3; 312 at 4. It has considered both motions in full only because most of what they seek is moot or easily resolved. Future overlength filings will be considered only up to the limit. *See* LCR 7(e)(6).

### 3.2 WSRMP's opposition is untimely, but the Court will consider it.

WSRMP asks to extend its response deadline from September 28 to October 13, 2026. Dkt. No. 365 at 1. It points to the length of Thompson's motion—30 pages, plus a declaration and 654 pages of exhibits—and to a CM/ECF problem that kept it from learning of the motion until September 15. *Id.* at 2. Thompson opposes, arguing that the extension would crowd the discovery deadline. Dkt. No. 400 at 2, 4.

An overlength motion with 654 pages of exhibits is good cause to extend the deadline. *See* Fed. R. Civ. P. 6(b)(1)(A). And the Court has since moved the discovery deadline to February 9, 2027, Dkt. No. 431 at 2, so Thompson suffers no prejudice. The extension is GRANTED.

WSRMP then missed its own extended deadline, filing its opposition on October 16 without asking for more time or explaining the delay. Dkt. No. 432. Three days did not prejudice Thompson, who has replied on the merits. Dkt. No.

435. The Court will consider the opposition, and Thompson's requests to strike it and treat her motion as unopposed are DENIED. Dkt. Nos. 413 at 6; 435 at 8. But the next missed deadline may be treated as an admission that the motion has merit. *See* LCR 7(b)(2).

### 3.3 Thompson's requests to strike are denied, but WSRMP's counsel must file a notice of appearance.

In her opposition to WSRMP's extension request, Thompson asks the Court to (1) strike WSRMP's extension request and declaration for lack of an attorney signature or deny the motion for lack of good cause; (2) strike WSRMP's motion to quash and reply; and (3) hold the motion to quash in abeyance and decide it with the motion to compel. Dkt. No. 400 at 1–2. Thompson also filed a separate "request" to hold the motion to quash in abeyance and decide it concurrently with the motion to compel. Dkt. No. 402. The Court has already denied that request as moot. Dkt. No. 455 at 12.

These requests are improper. Local Rule 7(g) allows a party to "request[] to strike material *contained in or attached to* submissions of opposing parties" in its responsive brief. LCR 7(g) (citation modified). Here, Thompson asks the Court to strike entire motions, including the separate motion to quash this Court already ruled on. And Thompson's "request" to hold the motion to quash in abeyance improperly requests relief from the Court without a motion. *See* LCR 7.

In any event, the Court agrees with Thompson that WSRMP misreads LCR 83.2(a). The rule allows an attorney to appear "by properly signing in accordance with the ECF Filing Procedures" and, as WSRMP acknowledges, filing an

enumerated paper on behalf of the represented party. No such paper was filed here. *See id.* (listing qualifying papers as: "a Notice of Appearance, complaint, amended complaint, answer, amended answer, Notice of Removal, motion to intervene, or motion for joinder[.]"). But the defect is curable. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is *promptly corrected after being called to the attorney's or party's attention.*") (citation modified). Accordingly, the Court ORDERS Foster to file a notice of appearance for WSRMP within seven days and DENIES Thompson's requests to strike.

**3.4 The requests to compel document production and a Rule 30(b)(6) deposition are moot or denied.**

The Court has already found that Thompson is entitled to a Rule 30(b)(6) deposition of WSRMP, limited the noticed topics to matters concerning Thompson, narrowed the document subpoena, and allowed Thompson to serve an amended subpoena. *See* Dkt. No. 455. Thompson's requests to compel compliance with the August 2026 subpoena are therefore moot. *Id.*

Thompson's remaining document requests—for invoices, inter-pool communications, the investigation report, records dated after December 5, 2025, and a revised privilege log—arise from her December 2025 subpoena. Dkt. No. 343 at 11–14, 25–26. WSRMP objected to that subpoena and then produced about 4,758 pages with privilege logs, finishing on July 31, 2026. Dkt. No. 434 ¶¶ 4, 16–30. The Court DENIES these requests without prejudice to a narrowly drawn motion, filed

by or before the deadline for discovery motions, that identifies the specific documents or privilege-log entries in dispute. *See* Dkt. No. 431 at 2.

**3.5 There is no basis to compel Morgenthaler to answer Thompson's certified questions.**

Thompson asks the Court to compel Morgenthaler to answer questions Thompson "certified" during the March 30, 2026, deposition. Dkt. No. 343 at 14. The Court declines. Morgenthaler has now sat for two sessions, the second under ground rules the Court set after the first. Many of the certified questions seek WSRMP's institutional knowledge—how counsel invoices are processed, how the investigation was funded, and the scope of Ragonesi's retention. As the Court explained in February, those questions are better suited to a Rule 30(b)(6) designee than an individual witness. Dkt. No. 243 at 3, 6. And the Court has already addressed the Rule 30(b)(6) deposition, which will allow Thompson to ask about the "institutional information" Morgenthaler was unable to provide. Dkt. Nos. 343 at 14; 455 at 10. At that deposition, WSRMP may instruct its designee not to answer only as Rule 30(c)(2) allows—not because a question exceeds the deposition's scope or because the witness is not a corporate designee. The Court DENIES Thompson's request to compel answers to the certified questions.

**3.6 The Court will not impose sanctions.**

Thompson asks the Court to sanction WSRMP's attorney, Alexis T. Foster, under Rule 30(d)(2) for her conduct at Morgenthaler's continued deposition. Dkt. No. 343 at 15. Imposing sanctions is a matter of judicial discretion. *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 44 (1991). The Court sanctioned conduct at Morgenthaler's first deposition and set ground rules for later depositions. *See* Dkt. Nos. 243, 359. But Thompson waited more than five months after the continued deposition to seek sanctions, then folded the request into an overlength omnibus motion, and she presents no new basis for additional sanctions. The Court finds no reason to impose them.

Thompson also argues that sanctions are warranted because Foster failed to attach a document that she had declared under penalty of perjury she attached to her declaration supporting WSRMP's motion to quash. Dkt. No. 343 at 16. The Court addressed that error in its order on the motion to quash. No further action is needed at this time. The Court thus DENIES Thompson's request for sanctions.

### 3.7 Thompson's motion to compel Ragonesi's deposition is moot in part and otherwise denied.

Thompson's other motion asks the Court to compel Ragonesi's deposition, to compel Ragonesi and her law firm to produce retainer and engagement agreements, to order the District to show cause why Ragonesi's work after October 2023 did not violate Thompson's separation and settlement agreements, and to award expenses. Dkt. No. 337 at 18–19. Thompson contends that Ragonesi's response was untimely. Dkt. No. 360 at 2. It was not. Thompson filed her motion on a Saturday, so it is deemed filed the next business day, and Ragonesi responded within fifteen days of that date. *See* LCR 7(d).

The deposition request is moot. Ragonesi sat for her deposition on October 13, the date Thompson accepted. Dkt. Nos. 361 ¶ 2; 454-1 at 89. The ground rules

Thompson proposed in her reply are moot for the same reason. Dkt. No. 360 at 2–4. If Thompson wants to compel answers to questions Ragonesi was instructed not to answer, she may file a motion by the deadline for discovery motions that identifies each question and attaches the certified transcript, so that the District, which asserted the privilege, can respond.

The remaining requests are DENIED. Ragonesi states under oath that she has no matter-specific retainer or engagement agreements, Dkt. No. 358 ¶¶ 6–7, and the Court cannot compel her to produce documents that do not exist. The Court DENIES without prejudice the relief Thompson seeks for the first time in reply—more agreements, assignment records, a supplemental sworn statement, and in camera review of billing records—because Ragonesi had no chance to respond. Dkt. No. 360 at 4–5. An order to show cause is not a way to make the District explain its side of the merits in advance, and the District's failure to respond does not change that.

## 4. CONCLUSION

Accordingly, the Court ORDERS:

1. Thompson's motion to compel WSRMP, Dkt. No. 343, is DENIED.
2. WSRMP's motion for extension of time, Dkt. No. 365, is GRANTED.
3. Thompson's requests to strike are DENIED.
4. Within SEVEN (7) days of this order, Foster must file a notice of appearance for WSRMP.

5. Thompson's motion to compel Ragonesi's deposition and document production and for an order to show cause, Dkt. No. 337, is DENIED as moot as to the deposition and is otherwise DENIED, as stated in Section 3.7.

Dated this 12th day of November, 2026.

Jamal N. Whitehead
United States District Judge