UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER DENYING MOTION TO COMPEL ORIGAMI RISK TO COMPLY WITH SUBPOENA |

## 1. INTRODUCTION

This matter comes before the Court on pro se Plaintiff Rosa Maria Cabrera Thompson's motion to compel nonparty Origami Risk, LLC ("Origami") to comply with a document subpoena served on September 9, 2026. Dkt. No. 390. For the reasons stated below, the Court DENIES the motion.

## 2. BACKGROUND

On September 9, 2026, Thompson served a document subpoena on Origami, a software company headquartered in Chicago, Illinois. Dkt. Nos. 390 at 5; 427 at 1. Thompson alleges that Mukilteo School District ("District"), in coordination with

Washington Schools Risk Management Pool ("WSRMP"), used Origami's claims-management platform to maintain and share her claim file across school districts in violation of the 2023 Separation Agreement. Dkt. No. 390 at 1–2.

The subpoena asks Origami to produce the documents in "SCHEDULE A" by sending them to Thompson within 30 days of receipt. Dkt. No. 392-1 at 3. Schedule A lists 21 requests, most of which concern which users accessed information about Thompson and where that information went. *See generally* Dkt. No. 392-1.

Origami objected, *id.* at 63–64, and Thompson emailed on September 18, 2026, disputing the objections and asking Origami to identify within five days which documents it would produce in response to each request. *Id.* at 66, 70. On September 24, counsel for Origami responded that he was conferring with Origami about the documents it possessed and expected to have more information the following week. *Id.* at 66. On September 30, Thompson followed up by email; the same day, without waiting for a response, she moved to compel compliance on a proposed phased schedule. *Id.* at 75; Dkt. No. 390 at 1. Origami opposes the motion and asks the Court to quash the subpoena. Dkt. No. 427.

## 3. DISCUSSION

### 3.1 Thompson's motion again exceeds the word limit.

Thompson's certified word count far exceeds the 4,200-word limit for 21-day motions. *See* LCR 7(e)(3). Given the Court's previous warnings, *see* Dkt. Nos. 260 at 3; 312 at 4, it has considered her motion only up to the 4,200-word limit.

**3.2 This Court may decide the motion to compel.**

Thompson and Origami dispute which court may enforce the subpoena. Thompson argues this Court may decide her motion because the subpoena requests only electronic production by email and Origami regularly conducts business in Washington, including at WSRMP's office. Dkt. No. 390 at 8. Origami counters that the subpoena is unenforceable because Rule 45 requires a subpoena to list a physical place of compliance. Dkt. No. 427 at 5. In the alternative, "if the Court is inclined to modify the Subpoena," Origami argues that the place of compliance should be the Northern District of Illinois where Origami resides and regularly conducts business. *Id.* In other words, Origami seems to argue that the Court may quash the subpoena but not compel compliance with it.

Rule 45 requires a document subpoena to list a place of compliance within 100 miles of where the person or entity resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2(A). But "[m]any courts have . . . interpret[ed] Rule 45(c)(2)(A)'s 100-mile boundary as not applying where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents." *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, No. CV-19-05827-PHX-DWL, 2020 WL 5846603, at *1 (D. Ariz. Oct. 1, 2020) (citation modified); *see also Elsom v. Glob. Life & Accident Ins. Co.*, 2018 WL 4092020, at *2 (D. Or. 2018) ("[C]ases from this circuit and others [] have held that Rule 45(c)(2)(A)'s 100-mile boundary does not apply where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents.").

The Court finds this approach appropriate here because Origami need not leave its headquarters in Illinois to produce documents electronically to Thompson. And before Thompson filed this motion, Origami merely "reserve[d] the right to maintain that the place where compliance with this subpoena is required is . . . [in] Illinois[.]" Dkt. No. 392-1 at 64. It has since responded to the motion on the merits here. *See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21CV1197-W-MDD, 2022 WL 2820667, *5 (S.D. Cal. July 18, 2022) ("The primary purpose of resolving subpoena-related motions in nonparties' home district is to protect them from the burden of challenging a subpoena in a remote location.") (citation modified). The Court finds that Origami could comply with Thompson's subpoena by emailing responsive documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) (a district court must "quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)") (citation modified); *Elsom*, 2018 WL 4092020, at *2 ("courts have chosen to modify discovery requests rather than quash them" where a subpoena violates the 100-mile rule).

So the Court will not quash the subpoena for failing to list a physical place. It declined to quash Thompson's subpoena to WSRMP for a similar defect, given her pro se status and the lack of prejudice, and it sees no reason to treat this subpoena differently. *See* Dkt. No. 455 at 4–5. Origami's request to quash is DENIED. But the Court denies the motion to compel on substantive grounds, as explained below.

**3.3 Other procedural issues do not require denial of the entire motion.**

Origami argues the Court should deny the motion because Thompson did not properly serve it—Origami's counsel was not registered in CM/ECF and did not consent to service by email. Dkt. No. 427 at 6. The Court need not decide whether service was proper. Any defect is curable. Origami's counsel has since appeared, and Thompson can now serve them through CM/ECF. Origami doesn't dispute that it received the motion, and it has responded on the merits. Denying the motion on this ground would only bring the same dispute back after Thompson re-serves it. So the Court reaches the heart of the matter below.

Origami also argues the Court should deny the motion because Thompson did not meaningfully confer before filing. *Id.* at 6–7. But this Court has previously found conferral by email sufficient in this case, *see* Dkt. No. 211 at 5, and regardless, the Court denies the motion on substantive grounds, as explained below.

**3.4 The subpoena imposes an undue burden on a nonparty at this stage.**

Under Rule 45, a party may serve a subpoena commanding a nonparty to produce materials. Fed. R. Civ. P. 45(a)(1)(A)(iii). The issuing party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Courts give special weight to the burden on nonparties. *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). "An undue burden exists where the burden or expense of discovery 'outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the

action, and the importance of the discovery in resolving the issues.'" *Harvest Bank of Md. v. Countrywide Home Loans, Inc.*, No. C10-714-RAJ, 2010 WL 11527320, at *1 (W.D. Wash. June 16, 2010) (quoting Fed. R. Civ. P. 26(b)(2)). On motion or on its own, a court must also limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). The Court's decision on a motion to compel is a matter of discretion. *Simplex Mfg. Co. v. Chien*, No. C12-835RAJ, 2012 WL 3779629, at *1 (W.D. Wash. Aug. 31, 2012) (citing *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)).

Thompson argues the Court should compel Origami to comply because it has control over the requested records and can extract and export the data. Dkt. No. 390 at 9–11. Origami counters that the subpoena imposes an undue burden because the information Thompson requests, to the extent it exists, is owned by WSRMP and "[a]ny responsive records in Origami's possession would also be in WSRMP's possession." Dkt. Nos. 427 at 7–8; 428 ¶ 7. It also argues that "each of Plaintiff's claims in the Origami system might include dozens of screens, modules, reports, and/or logs," and that responding would require it "to manually review each of those items." Dkt. No. 428 ¶ 8.

Thompson's motion primarily argues that WSRMP and Origami cannot both disclaim control over the same records. Dkt. Nos. 390 at 12; 444 at 3–4. The Court has already resolved that problem. It found that the Origami entries about Thompson are within WSRMP's control and ordered WSRMP to produce them, along with any existing access records for those entries or a declaration confirming

that none exist. Dkt. No. 455 at 9–10. Because the Court rejected WSRMP's position that it does not control this data, it has addressed the risk Thompson identifies—that "the records will remain with Origami and will never be produced." Dkt. No. 444 at 4. And the portion of Thompson's motion within the word limit does not explain how "metadata," "permission architecture," "exports, integrations, API's, and automated transmissions," "audit-logging configuration and retention," and other technical information, Dkt. No. 392-1 at 24–39, are separately relevant and "proportional to the needs of the case[.]" *See Gopher Media, LLC v. Spain*, No. 319CV02280CABKSC, 2020 WL 6741675, at *4 (S.D. Cal. Nov. 17, 2020).

Origami's only connection to this case is that it provides software services to another nonparty. Compelling Origami to comb through raw data to produce information that the Court has already ordered WSRMP to produce would be "unreasonably cumulative or duplicative[.]" Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 686 (N.D. Cal. 2006) (analogizing that "the Court may burden a non-party to require production of a picture of the elephant's tail, but it is within this Court's discretion to not require a non-party to produce another picture of the same tail."). Thompson may obtain any relevant and proportional information about other school districts' access to her Origami claims file directly from WSRMP. A nonparty district's discovery responses state that its access "is granted by WSRMP" and not Origami. Dkt. No. 390 at 13. And Origami declared it does not have records about whether WSRMP granted others access to or transmitted information about Thompson's claim. Dkt. No. 428 ¶¶ 5–6.

Origami further argues that responsive documents would contain information WSRMP may consider privileged or confidential, and "Origami should not have to bear the burden of culling out privileged information from the responsive material." Dkt. No. 427 at 8–9. The Court agrees. *See VLSI Tech. LLC v. Kirkland & Ellis LLP*, No. MC 18-63-RGK (PLAx), 2018 WL 6930769, at *3 (C.D. Cal. June 19, 2018) (where "[t]hird-party confidential information is included throughout the subpoenaed discovery documents . . . and compelling production would require respondent's attorneys and paralegals to spend hundreds of hours reviewing the documents to locate the confidential information," the request imposes an undue burden). And Thompson's proposal that WSRMP screen the information and serve a privilege log, Dkt. No. 444 at 5, shows why obtaining the same information from WSRMP would be "more convenient, less burdensome, [and] less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i).

Finally, Thompson asks in the alternative that the Court order Origami and WSRMP each to file a declaration identifying what responsive data exists, where it resides, and who can retrieve it. Dkt. No. 444 at 8. The Court has already required a declaration from WSRMP if it produces no access records, and Origami has submitted one here. Dkt. No. 428. The Court DENIES the request for more.

## 4. CONCLUSION

Thompson's motion to compel is DENIED. Dkt. No. 390. To the extent she identifies specific information she is unable to obtain from WSRMP and that would

be proportional and less burdensome on Origami, she may re-file a narrower motion to compel by the deadline for discovery motions.

Dated this 16th day of November, 2026.

Jamal N. Whitehead
United States District Judge