UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST NON-PARTY KRISTA SLOSBURG, JUSTO GONZALEZ, AND STOKES LAWRENCE, P.S. FOR UNLAWFUL REFUSAL TO PRODUCE A DEPOSITION WITNESS |

Pro se Plaintiff Rosa Maria Cabrera Thompson moves for sanctions against nonparty Krista Slosburg, Slosburg's counsel Justo Gonzalez, and his firm, Stokes Lawrence, P.S., (together, "Respondents") because Slosburg hasn't sat for a deposition. Dkt. No. 326.

Respondents didn't respond to the motion. Thompson emailed it only to Gonzalez, Dkt. No. 326 at 13, but the record doesn't show that any of the Respondents agreed to email service. The Court need not decide whether service was proper, as it denies the motion for the reasons below, but it draws no inference from Respondents failure to respond.

Federal Rule of Civil Procedure 45(g) reaches a person who, "having been served, fails without adequate excuse to obey the subpoena." As Thompson concedes, contempt depends on whether the subpoena was "valid, properly served, . . . and sufficiently clear." Dkt. No. 326 at 6. The record shows none of these things. The subpoena lists the deposition's date and time as "TBD" and the place as "Zoom." Dkt. No. 327-1 at 2. The proof of service reflects certified mail and delivery to an office clerk on December 2, 2025, three days *before* the subpoena issued, and no witness fee tendered. *Id.* at 4; *see* Fed. R. Civ. P. 45(a)(1)(A)(iii), (b)(1). Two days later, Thompson wrote that she still "need[ed] to serve Ms. Slosburg." Dkt. No. 327-1 at 518.

Thompson's other requests fail too. This is not a motion to compel and no order requires Slosburg to appear, so Rule 37 provides no basis for expenses. Gonzalez has filed nothing, so he has not multiplied these proceedings under 28 U.S.C. § 1927. And relying on a privilege this Court has partly recognized is not bad faith. *See* Dkt. No. 264 at 5.

The motion is thus DENIED. Thompson may serve a valid subpoena and, if Slosburg does not comply, move to compel by the discovery deadlines the Court previously set. Dkt. No. 431 at 2.

Dated this 16th day of November, 2026.

Jamal N. Whitehead
United States District Judge