UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER |

On September 23, 2026, the Court ordered Defendant Mukilteo School District No. 6 ("District") to show cause why the Court should not order it to pay pro se Plaintiff Rosa Maria Cabrera Thompson's reasonable expenses after the District twice missed the deadline to answer her Seventh Set of Requests for Admission (RFAs). Dkt. No. 356 at 1, 8. The Court also gave Thompson the opportunity to file a declaration, itemizing her reasonable expenses, including her time spent opposing the second motion for relief on the same RFAs. *Id.* at 7–8. Both parties have now done so. *See* Dkt. Nos. 362, 429.

When a party fails to obey a discovery order, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "The court has considerable discretion in determining the amount and form of the award." *Jacobs v. Scribner*, No. 1:06-CV-01280-AWI, 2011 WL 98585, at *1 (E.D. Cal. Jan. 12, 2011) (citing *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)). While Rule 37 does not authorize awarding attorney's fees to a pro se litigant, the Court's inherent authority does. *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1377 (Fed. Cir. 2002). "Failure to do so . . . would place a *pro se* litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct, but not be liable for attorney fees to a *pro se* party." *Id.*

The District is correct that sanctions under the Court's inherent authority are limited to situations of "'bad faith' conduct in litigation or for 'willful disobedience' of a court order." *Jacobs*, 2011 WL 98585, at *1 (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991)). But the Court already excused the District's lateness in answering these RFAs once, and set a new deadline for it to cure the default. A second default on the same RFAs, under that order, cannot be reduced to "mere tardiness." Dkt. No. 429 at 4 (quoting *Pickholtz*, 284 F.3d at 1378 (citation modified)). The District's only explanation is that the deadline "fell through the cracks" when one of its attorneys left the firm. Dkt. No. 288 at 2. It doesn't say how it tracked the deadline, who took responsibility for it after the departure, or when it

discovered the lapse—even though several attorneys represent it in this case. The Court finds that the District's failure to meet the one deadline set to cure its default was willful disobedience of the Court's order. *See Strike 3 Holdings, LLC v. Doe*, No. 1:18-cv-01075-MCE-CKD, 2019 WL 935389, at *4 (E.D. Cal. Feb. 26, 2019) (finding that counsel's failure to meet court-ordered deadlines, after the court had excused earlier missed deadlines and warned counsel to calendar carefully, was not "mere inadvertence or recklessness" but "willful disobedience of court orders").

But the Court agrees with the District that Thompson's listed expenses are not reasonable and should be limited. Some of her claimed expenses relate to her separate case or PACER charges that pre-date the District's motion. *See, e.g.*, Dkt. No. 362-1 at 1, 7. The remaining $41.50 was incurred in this case after the District filed its motion, and the District concedes that amount. Dkt. No. 429 at 7. Because the District does not argue that its failure was substantially justified, Rule 37 requires it to pay those costs. Thompson's calculation of attorney's fees is based on the rate she earned as an educator and consultant, which is not a comparable basis for reasonable attorney's fees. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (reasonable fees should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). "The district court has a great deal of discretion in determining the reasonableness of the fee[.]" *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010). Given that Thompson isn't an experienced attorney and that this was a relatively straightforward motion, the Court excludes her email correspondence with defense counsel (2.0 hours), 5.0 hours of overlapping review

time, and 2.0 hours for drafting an unnecessary surreply. The Court finds the remaining 20 hours reasonable, and values them at $100 an hour. *See* Dkt. No. 362 at 2. Thus, a reasonable award for Thompson's time is $2,000.

Accordingly, the Court ORDERS the District to pay Thompson $2,041.50 within 14 days of this order: $41.50 in costs under Rule 37 and $2,000 under the Court's inherent authority.

Dated this 18th day of November, 2026.

Jamal N. Whitehead
United States District Judge