UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE EIGHTH DISCOVERY SET |

Pro se Plaintiff Rosa Maria Cabrera Thompson seeks leave to serve 96 more discovery requests on Defendant Mukilteo School District No. 6. Dkt. No. 363.

After finding Thompson’s first six sets of discovery excessive, the Court barred further written discovery unless she could “show good cause and explain why additional discovery is necessary and proportional to the needs of the case.” Dkt. No. 211 at 2–3. The Court must also, on its own, limit discovery that is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C).

Some new discovery is warranted. When the Court withdrew 13 deemed admissions, it reasoned that Thompson could still “pursue these facts through

discovery." Dkt. No. 356 at 6. She has since added new claims, and a nonparty district has produced records she says involve a District employee.

But the proposed Eighth Set goes too far. Many requests repeat Thompson's earlier ones, which sought the District's communications with other districts, call records, and Ragonesi's engagement and billing records. Dkt. No. 410-1 at 21–33. Others seek what the Court has already ordered nonparties to produce, Dkt. Nos. 264 at 7–8; 455 at 9–10, or attorney strategy it has placed off limits, Dkt. No. 264 at 5. Still others ask the District to admit intent or legal conclusions—matters that "should be decided on the evidence, not by default." Dkt. No. 356 at 1.

Proportionality points the same way. Fed. R. Civ. P. 26(b)(1). Thompson's claims are serious, and much of what she seeks is in the District's hands. But this is a single-plaintiff employment case, and discovery has been extensive: more than 300 written requests, subpoenas to four law firms and WSRMP, thousands of pages of production, and several depositions. That balance favors a few targeted requests, not another full set. So rather than rule request by request, the Court sets a limit and lets Thompson choose those that matter most.

Accordingly, the Court ORDERS:

1. Thompson's motion, Dkt. No. 363, is GRANTED IN PART.
2. Within SEVEN (7) days of this order, Thompson may serve no more than five requests for production, five interrogatories (including discrete subparts, *see* Fed. R. Civ. P. 33(a)(1)), and five requests for admission. Each request must be drawn from her proposed Eighth Set. Dkt. No. 363-2. She may narrow a request but may not broaden it or add new ones.

3. No request may seek:
    a. information sought by her earlier discovery requests or ordered produced by a nonparty;
    b. privileged communications or attorney strategy;
    c. admissions of intent or legal conclusions; or
    d. information limited by any other Court order.
4. The Eighth Set's definitions and instructions apply only to the extent they're consistent with the Federal Rules of Civil Procedure.
5. The District must respond within THIRTY (30) days of service. It keeps all objections available under the Federal Rules.
6. Thompson's requests to allow responses after November 9, 2026, and to continue the case schedule are DENIED as moot.
7. Dkt. No. 211 otherwise remains in effect.

The motion is otherwise DENIED.

Dated this 18th day of November, 2026.

Jamal N. Whitehead
United States District Judge