UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA MARIA CABRERA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>MUKILTEO SCHOOL DISTRICT NO. 6,<br><br>Defendant. | CASE NO. 2:25-cv-00529-JNW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

On September 3, 2026, pro se Plaintiff Rosa Maria Cabrera Thompson served Defendant Mukilteo School District ("District") with a Rule 30(b)(6) deposition notice identifying thirty-eight topics. Dkt. No. 454 at 1. The District emailed Thompson its objections. Dkt. No. 454-1 at 2. After Thompson declined to amend or withdraw any topics, the District submitted a joint statement with both parties' positions and asks the Court to limit the 30(b)(6) topics. Dkt. No. 454. The Court construes this statement as an LCR 37 motion and GRANTS in part and DENIES in part the relief the parties request.

Under Rule 30(b)(6), "a party may serve notice on an organization that describes 'with reasonable particularity the matters on which examination is requested.'" *Boyer v. Reed Smith, LLP*, No. C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013) (citing Fed. R. Civ. P. 30(b)(6)). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(D).

The District raises four categories of objections to Thompson's 30(b)(6) topics: (1) Nos. 2–4, 6, 8–9, 12, 28–34, and 38 are vague, overly broad, and insufficiently particularized; (2) Nos. 1, 11, 13–23, and 37 are protected by attorney-client privilege and work-product protection; (3) Nos. 24–27 concern knowledge of third parties; and (4) Nos. 35–36 concern discovery compliance and litigation conduct. Dkt. No. 454 at 2. Thompson counters that her topics "name the people, systems, districts, and dates at issue" and only request nonprivileged facts and information in the District's control. *Id.* at 4.

The Court overrules the District's vagueness and overbreadth objections, except as to Topic Nos. 9, 34, and 37. The District's overbreadth objection has force against Topic No. 9, which seeks "[t]he complete nonprivileged factual basis" for "every District contention" that there is a legitimate reason for Thompson's employment outcome. Dkt. No. 454-1 at 25. And Topic No. 34 similarly seeks an impermissibly wide swath of information in support of privilege logs the District already provided. *Id.* at 35. The Court STRIKES these two topics. The same

problem infects part of No. 37. Its request for the facts behind the District's own compliance positions is fair game, but its clauses seeking the basis for any position that the District "did not cause employment-related harm," "acted lawfully," or that Thompson "failed to mitigate" are as broad as No. 9. The Court STRIKES those clauses.

But the District has not met its "heavy burden" as to the remaining topics. *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-cv-05536-RJB, 2019 WL 5227332, at *2 (W.D. Wash. Oct. 16, 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The other matters are limited to information concerning Thompson and describe the topics with "a reasonable degree of particularity." *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018). And the District has not stated any burden objection with specificity as to the time or cost of preparing its designees.

The District's blanket privilege objections are also overruled. Thompson may ask questions about these topics and the District may object to those specific questions at the deposition. The District may instruct its designee not to answer on the basis of privilege as Rule 30(c)(2) allows.

The District's third-party objections are overruled too. A 30(b)(6) topic may ask about an entity's interactions with third parties if the information is "relevant information known or reasonably available to the entity." *Kimera Labs Inc. v. Exocel Bio Inc.*, No. 21-cv-2137-MMA-DDL, 2024 WL 3798384, at *1 (S.D. Cal. Aug. 13, 2024) (citation modified); *see also In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 916 (N.D. Cal. 2023) (noting the court "ordered

the parties to conduct a Rule 30(b)(6) deposition so that the plaintiffs could assess what data was shared with *third parties*.") (citation modified). Thompson may inquire about the District's knowledge of its communications and interactions with third parties. But Topic Nos. 24, 25, and 26 also reach the technical workings of WSRMP's Origami platform, and the Court has already found that Thompson hadn't shown such information to be relevant and proportional, and that information about other districts' access to her claim file should come from WSRMP. Dkt. No. 458 at 7. So the Court limits Topic Nos. 24, 25, and 26 to the District's own access to and use of Origami and to actual instances involving Thompson.

The Court sustains the District's last set of objections. Topic Nos. 35 and 36 concern not the "information known or reasonably available to the organization," Fed. R. Civ. P. 30(b)(6), but the strategy and litigation conduct of its counsel. The Court STRIKES Nos. 35–36 but leaves the rest. If Thompson believes documents exist which have not been produced, she may follow the Court's new discovery procedure, Dkt. No. 473, and request a status conference if necessary.

Finally, because each side prevails in part, the Court declines to award expenses.

Accordingly, the Court ORDERS:

1. The District's motion is GRANTED in part and DENIED in part.
2. The Court STRIKES 30(b)(6) Topic Nos. 9, 34, 35–36, and the clauses of Topic No. 37 described above. The Court limits Topic Nos. 24, 25, and 26 as described above. The District must prepare a designee on No. 37.
3. The rest of the District's objections are OVERRULED.

4. Thompson's requests are DENIED.

Dated this 25th day of November, 2026.

Jamal N. Whitehead
United States District Judge